JENNIE KRISTIANSEN *vs.* CITY OF DANBURY.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

554

Argued October 31st—decided December 18th, 1928.

*J. Moss Ives*, with whom was *Clifford B. Wilson*, for the appellant (defendant).

*William H. Comley*, with whom was *Leonard McMahon*, for the appellee (plaintiff).

HAINES, J. The jury could reasonably have found, from the evidence offered by the plaintiff, that that portion of the sidewalk on West Street, in the city of Danbury, which lies in front of the parish house of St. James Episcopal Church, was in a defective and dangerous condition for public travel, and had been for about two weeks before the plaintiff fell; that West

Street was one of the principal thoroughfares of the defendant city, and the parish house in question was within a few hundred feet of the City Hall and of the center of business and travel in that city; that for at least ten days before January 8th, 1927, when the plaintiff fell, it was covered with snow and ice and was uneven and slippery, and by reason thereof defective, dangerous and unsafe for travel; that about 7.25 o'clock in the morning of that day the plaintiff, in the exercise of due care, attempted to pass along this sidewalk in front of the parish house and slipped and fell because of its icy, defective and dangerous condition, causing serious personal injuries and resulting expense and loss of income.

The defendant's evidence was that the ice on this portion of the sidewalk had not been there more than two or three days; otherwise the foregoing facts claimed by the plaintiff are essentially undisputed. The balance of the defendant's evidence was, in effect, that immediately adjoining this sidewalk on the north there was a terrace on which snow and ice accumulated and, under recurring conditions of thawing, the water ran down onto the sidewalk where it afterward froze; that the sexton of the parish had spread several pailfuls of fine sand all over the walk in front of the parish property the afternoon of the day before the plaintiff fell; that it was still well sanded on the morning of the plaintiff's fall, and that the sexton had thus made the walk reasonably safe for travel under all the existing conditions, and that in any event the city could not have done more than the sexton did to render the sidewalk reasonably safe. The defendant, on what appears from the foregoing statement of the evidence, says that "the sole defense of the city was the act of the property owner in spreading sand on the walk on the evening preceding the accident, which made the

walk reasonably safe for travel on the morning that the plaintiff fell. It was not claimed in defense and could not have been claimed that the city itself had done anything or taken any steps to make the walk reasonably safe."

This being the controlling issue, it was important that the jury be fully instructed as to the liability imposed by the law of this State upon the city for defects in its walks caused by snow and ice, the notice required to be established, either actual or constructive, and the legal effect upon the city's liability, if any, of the act of the adjoining owner in putting sand upon the walk in question.

The court charged the jury that it was the duty of the city to use reasonable care to keep the sidewalk reasonably safe for use by pedestrians; that the city was not an insurer of the safety of travelers whatever the season or whatever the cause that renders the walk dangerous; that the defendant city in this case had sixty-five miles of streets, and the herculean task of making such ways safe at all times and under all circumstances was not imposed upon the city, especially so in our climate in respect to accumulations of snow and ice; that some duty is imposed, but it is a limited one taking into account a variety of conditions and circumstances including the difficulties attending situations as they are created by the rigors of our winters.

This was a correct general statement of our Connecticut law as to the liability of a city for its sidewalks as respects snow and ice accumulations thereon, but it gave the jury but little information as to what conditions and circumstances they were entitled in this case to take into consideration to determine whether the city's liability had been met. We have, heretofore, in a number of cases, carefully defined the limits of this liability, in the following opinions, among others:

*Ritter* v. *Shelton,* 105 Conn. 447, 135 Atl. 535; *Keating* v. *New London,* 104 Conn. 528, 133 Atl. 586; *Schroeder* v. *Hartford,* 104 Conn. 334, 132 Atl. 901; *Congdon* v. *Norwich,* 37 Conn. 414. "That rule is one which recognizes, on the one hand, the demands of public convenience and safety, and on the other, the difficulties, both financial and physical, which our climatic conditions present, and represents a fair and practicable compromise between a very restricted duty under any and all conditions, and a more comprehensive duty clearly defined and arbitrary in its application under all conditions and circumstances." *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502.

From these citations it will be seen that while it is impossible, owing to the variety of circumstances and conditions, to state a precise rule governing all cases except in general language, it is important to give the jury to understand what circumstances and conditions in the given case disclosed by the evidence, may bear upon and affect this liability. Above all, it should be emphasized that the qualification of reasonableness under all these circumstances and conditions, is an important consideration at every turn. We said in *Carl* v. *New Haven, supra,* p. 626: "The required efforts in the interests of safety are such only as reasonably might be expected to be exerted in view of all the many circumstances deserving of consideration, and the end sought for or attained need be only such as satisfies the test of reasonableness similarly applied. This saving feature of our rule is too often overlooked, and statements of it, or of some aspects of it, are by no means infrequently made that omit the important qualifications of reasonableness at some point." The charge as given is open to just criticism for inadequacy in its failure to explain to the jury this element of reasonableness which qualifies the duty of the city

from every angle. Some instances of this qualification which have peculiar application to the limited obligation of the defendant city in this case are contained in the defendant's requests to charge, and the first, third and ninth of these requests should have been granted. There are also proper references to this qualification contained in other requests made by the defendant, but they are combined with claims upon the question of the effect of the action of the adjoining owner upon the city's liability, as well as with the question of notice, and these we shall consider separately.

The defendant in this case, while admitting that no steps had been taken by the city itself to make this walk reasonably safe, yet denies liability. Its claim is that the action of the adjoining owner was, in legal effect, the action of the city, and that the duty of the city toward this sidewalk was, in legal effect, performed by and should enure to the city. In other words, it says that the spreading of the sand upon this walk by the adjoining owner, was all that the city could have been required to do by law, and that by that act the obligation of the city was met, so that it is not liable to this plaintiff. The proposition thus presented is twofold, viz: that the act of putting on the sand did make the walk reasonably safe, or if not, that this act was all that reasonably could have been required of the city under all the existing circumstances and conditions in meeting its obligation of reasonable care, and that it was unimportant in the present instance whether this was done by the city itself or by the adjoining owner.

The defendant therefore requested the court to charge to this effect, stating its claims in various ways in different paragraphs. This the court failed to do. The nearest approach to it was in calling the attention of the jury to the testimony of the witnesses who

claimed the walk had been sanded and stating that "if the sidewalk was not defective but was reasonably safe for use by pedestrians, your verdict must be for the defendant. If the sidewalk though defective, had not been in such defective condition for such a length of time that the officers of the city of Danbury, using reasonable diligence, should have had knowledge of such defective conditions, your verdict must be in favor of the defendant." This gave the city the benefit of what the property owner had done, but only in the event that the jury should find that the walk, at the time of the injury, *was* in a reasonably safe condition. The claim made was broader than that and involved the further question whether *reasonable care* under all the circumstances had been used to make the walk reasonably safe.

The duty of the city was to use reasonable care under all the circumstances, to make this walk reasonably safe. This was a primary duty which the city could not delegate to or impose upon a third party, whether by contract or ordinance. *St. Louis* v. *Connecticut Mut. Life Ins. Co.*, 107 Mo. 92, 17 S. W. 637; *Franke* v. *St. Louis*, 110 Mo. 516, 19 S. W. 938; *Kunz* v. *Troy*, 104 N. Y. 344, 10 N. E. 442, 58 Amer. Rep. 508; *Benton* v. *St. Louis*, 217 Mo. 687, 700, 118 S. W. 418; *Jacksonville* v. *Drew*, 19 Fla. 106, 45 Am. Rep. 5; *O'Neil* v. *Chelsea*, 208 Mass. 307, 94 N. E. 279; 6 McQuillin on Municipal Corporations, p. 5606, §2728.

It follows that the spreading of sand on this walk by the adjoining owner did not relieve the city of liability unless the jury found as a fact one of two things, viz: that it rendered the walk reasonably safe at the time of the accident under all the circumstances and conditions surrounding the city, or that it was an act which, if done by the city, would have been sufficient to show reasonable care under all the circumstances

and conditions. If the act fulfilled either of these requirements, the city was not liable. This aspect of the matter was not explained to the jury, and the defendant's fifth and sixth requests, being correct statements of the law in this respect, should have been granted. The remaining requests contain accurate statements of the law in part only, and the court was justified in refusing them in the form in which they were presented.

There is error and a new trial is granted.

In this opinion the other judges concurred.