## Hattie C. Frohlich *vs.* The City of New Haven et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 14th—decided December 27th, 1932.

*George E. Beers* and *Edward S. Snyder,* for the appellant (plaintiff).

*Louis Feinmark,* with whom was *Morris Melnick,* for the appellee (defendant).

HINMAN, J. Upon the evidence the jury could have found that on and for a time after February 2d, 1931, the sidewalk where the plaintiff fell on February 9th was covered by packed snow and patches of ice; they could not reasonably have found otherwise than that by February 7th the condition had been reduced to small patches of ice at various places on the walk. The jury, if acting reasonably, must have found, also, that between four-fifty p. m. on February 7th and four a. m on February 8th there fell a total of about three inches of snow, and that between six a. m. and nine p. m. of February 8th there was a sleet and rain storm, the water freezing as it fell so that a substantial coating of ice was formed thereby on the sidewalk in question; also that the temperature remained below freezing during the night of February 8th and down to ten a. m. on February 9th, the time when the plaintiff fell. Therefore the court was correct in holding that the jury could not reasonably have found such snow and ice as was on the walk prior to February 7th or the snow which fell during the night following, to be the proximate cause of the plaintiff's fall, but could reasonably have concluded, only, that the ice upon which she slipped was that which formed during the sleet storm February 8th ending in the evening before she fell. Also, the time which elapsed between either the end of the sleet storm which created this coating of ice, or the hour, testified to as seven-forty a. m., when a policeman, required by rule to observe dangerous conditions on sidewalks, passed over this walk, and the time of the plaintiff's fall, was not sufficient to charge the defendant city with liability for failure to remedy the defect by compelling the abutting owner

to clear or sand it or to itself cause the condition to be remedied. This is particularly true in view of the uncontradicted evidence of the duration, nature and effects of the successive storms of the 7th and 8th, the size of the city and the mileage of its streets and walks, the magnitude of the task confronting the city in cleaning them, and the prompt employment of all available resources and assistance in coping with the situation. *Kristiansen* v. *Danbury,* 108 Conn. 553, 556, 143 Atl. 850; *Ritter* v. *Shelton,* 105 Conn. 447, 135 Atl. 535; *Schroeder* v. *Hartford,* 104 Conn. 334, 132 Atl. 901.

As the evidence did not afford reasonable factual justification for a verdict for the plaintiff and the applicable principles of law are easily understandable, we agree with the trial court in the opinion that the verdict must have been the product of the inadmissible incentive of sympathy for the plaintiff. In addition to the considerations necessarily inherent in the case— the plaintiff a woman, the defendant a large munici- pality, the extent of her injuries, and her sufferings and disabilities—evidence was offered that her father had died on the Saturday preceding the Monday on which she fell; that her husband was not at home (testimony that he was an inmate of the Norwich State Hospital was introduced but stricken out); that only one of her three boys was working; that she worked out to support her family and even walked to save for that purpose her allowance for carfare. It appears from the record that in his closing argument to the jury the junior counsel for the plaintiff, in con- nection with and after rehearsing the plaintiff's inju- ries and stating her claims concerning the amount of damages, said, in substance: "Give this woman a ver- dict so that she can recover compensation for her injuries and don't force her to become a public

charge." Counsel for the defendant objected, but his objection was overruled, and the court did not admonish counsel for the plaintiff or instruct the jury to disregard that argument. Considerations appealing to sympathy, such as the poverty of the plaintiff, were obviously foreign to the cause and improper subjects of emphasis or comment in argument. *Hennessy* v. *Metropolitan Life Ins. Co.,* 74 Conn. 699, 709, 52 Atl. 490; *Chapman* v. *Lee,* 80 N. H. 484, 119 Atl. 440. "No effort should be made to enlist the sympathies of the jury for the plaintiff because he is poor. The case should be tried on its merits without reference to the wealth or poverty of the parties. It was manifestly improper to urge the jury to so find their verdict as not to throw the plaintiff 'in the hands of charity.'" *Southern-Harlan Coal Co.* v. *Gallaier,* 240 Ky. 106, 111, 41 S. W. (2d) 661, 663.

We doubt if the objectionable utterance can be charitably attributed to momentary inadvertence or to ardor of advocacy; the interjection of evidence of the nature above mentioned suggests, instead, a deliberate purpose to utilize elements of sympathy. The trial court has found that the argument "was intended and calculated to appeal to the sympathy of the jury, and to persuade them to decide the case in favor of the plaintiff, by arousing and accentuating in their minds feelings of sympathy for her." The trial court had exceptional opportunity to fully appreciate the probable effect of the objectionable statement on the jury. *McKiernan* v. *Lehmaier,* 85 Conn. 111, 119, 81 Atl. 969. Defendant's counsel appropriately interposed seasonable objection. *McKiernan* v. *Lehmaier, supra; Case* v. *Clark,* 83 Conn. 183, 76 Atl. 518. We are not required to decide whether this ground alone would or should be sufficient to deprive the plaintiff of the benefit of a verdict; it is combined with findings of

essential issues of fact which the verdict imports, some conspicuously against the weight of evidence, others irreconcilable with uncontroverted facts. After careful study of all the evidence, we concur with the view of the trial court that the verdict apparently can be accounted for only as induced by considerations of sympathy, and conclude that no error was committed in setting it aside.

There is no error.

In this opinion the other judges concurred.