ANGELINA DAVANZA *vs.* CITY OF BRIDGEPORT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1933—decided January 2d, 1934.

*John T. Cullinan,* with whom was *William E. Allen, Jr.,* and, on the brief, *Joseph J. Devine,* for the appellant (defendant).

*James E. Murphy,* with whom was *Isadore L. Kotler,* for the appellee (plaintiff).

HINMAN, J. The sole question presented by the appeal is whether the relevant facts set forth in the finding, which is not attacked, support the conclusion

reached by the trial court that the defect causing injury to the plaintiff had existed for a sufficient length of time to charge the defendant city with constructive notice of its existence and afford reasonable opportunity to remedy it.  It is apparent from the language of this conclusion that in arriving at it the court had in mind and applied our test of law that "in order to charge a municipality with implied or presumptive notice of a defect, it must be shown that, had it exercised a reasonable supervision over its streets and sidewalks, it would have discovered the condition a sufficient time before the accident to have had a reasonable opportunity to guard against injury from it; that test is . . . would it have been discovered had the municipality exercised reasonable supervision over its streets . . . in view of the whole problem with which it was confronted." *Ritter* v. *Shelton*, 105 Conn. 447, 450, 135 Atl. 535.  This, in common with the other elements of municipal liability for defective streets and sidewalks, contemplates consideration of all the existing circumstances, including not only the cause and nature of the defect and the length of time it had existed but also the location, extent and character of use of the walk in question, the magnitude of the problem of inspection and remedy presented by the conditions, and the resources in men and money available to cope with the problem.  The rule "looks constantly to the ever changing circumstances of situations, and its keynote throughout is reasonableness in view of the circumstances as they appear on each occasion." *Carl* v. *New Haven*, 93 Conn. 622, 626, 107 Atl. 502; *Schroeder* v. *Hartford*, 104 Conn. 334, 336, 132 Atl. 109; *Ritter* v. *Shelton, supra.*

It is demonstrated by numerous cases involving injuries from snow and ice which have been before this court that it has been found impossible, owing to the

variety of circumstances and conditions, to state a precise rule governing all cases, in less general language. *Kristiansen* v. *Danbury,* 108 Conn. 553, 557, 143 Atl. 850. Determination of the issue of constructive notice must depend upon the application of this broad principle to the ascertained facts of each individual case, a function of the trier the performance of which is assailable, on appeal, only when the resulting conclusion is found to be so unreasonable as to be inadmissible, as in *Frohlich* v. *New Haven,* 116 Conn. 74, 163 Atl. 463.

Our inquiry, therefore, is whether the finding in the present case affords reasonable factual justification for the conclusion of constructive notice. The sidewalk on which the plaintiff fell is in a central and thickly populated part of the city of Bridgeport and in a well traveled area. Until eleven p. m. on December 22d, 1930, the streets of the city were wholly clear of snow; at that time a wet, heavy snow began to fall and continued without interruption until noon of December 23d, the snowfall during this period attaining a depth of five inches. During the storm the sidewalk on which the plaintiff fell became slippery, ice formed, and on the morning of the 23d children were sliding upon it. Following the cessation of the storm until the time when the plaintiff fell, the temperature was for the most part below the freezing point. There was a slight snowfall on the evening of the 23d and during the night which was inconsequential and no factor in the injury. Nothing was done to correct the conditions and on the morning of December 24th at about nine o'clock the plaintiff slipped and fell upon this walk and was injured.

It thus appears that the slippery condition on a centrally located and much traveled walk, arising from a conspicuous cause general throughout the city, arose

not later than the end of the storm, at noon on December 23d, remained unremedied, and apparently undiscovered, by the municipal authorities, during the remainder of that day, the night following, and the next morning until the plaintiff fell. We cannot say that, under these circumstances, the trial court was not warranted in concluding that supervision which would have been reasonable under all the relevant conditions, including the location and use of the sidewalk in question, would and should have revealed its condition, and in charging the city with constructive notice of the defect. The situation here is readily distinguishable from that in *Frohlich* v. *New Haven, supra,* where only about three hours of daylight intervened between the end of a sleet storm and the injury, that in *Landolt* v. *Norwich,* 37 Conn. 615, where the defect was a small and isolated patch of ice caused by the freezing of surface water running out of a driveway and which the evidence indicated had existed one day, and in other cases in which implied notice has been held to have been lacking.

There is no error.

In this opinion the other judges concurred.