VITTORIA DECROSTA *vs.* THE CITY OF NEW HAVEN.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued December 6th, 1934—decided January 3d, 1935.

*Martin E. Gormley,* with whom was *Adrian W. Maher,* for the appellant (defendant).

*William J. McKenna,* with whom was *Anthony A. E. DeLucia,* for the appellee (plaintiff).

JENNINGS, J.  The sole reason of appeal in this case is the refusal of the court to set aside the jury's ver-

dict for the plaintiff. The only question before us is whether there is evidence from which the jury could reasonably have reached their conclusion. The jury could have found the following facts:

February 10th, 1933, was a fair day. At 1.15 a.m. on February 11th it started to snow. The storm was of blizzard proportions and continued without interruption until 9.15 a.m., when the snow turned to sleet. The sleet stopped at 10.30 a.m. and there was no further precipitation to the time of the accident. The total fall was 7.6 inches. From the starting of the storm until the time of the accident, the temperature was not sufficiently high to result in any appreciable melting of the snow. For most of the period it was very cold. Davenport Avenue is a much traveled highway in a residential section of the city. The place where the accident occurred was near a church and the New Haven Hospital.

Between seven and eight o'clock on the morning of February 12th (Sunday) the plaintiff was walking along Davenport Avenue on her way to church. The sidewalk was covered with ice with a light covering of snow over it for a considerable distance. When she was in front of number 109 she slipped on the ice, fell, and was seriously injured. The existence of the defective condition and the resulting fall and injury to the plaintiff being undisputed, the sole question is whether the jury was justified in finding constructive notice. This must have been based on the evidence that the defect existed at the place and under the circumstances described for some twenty-one hours and that within that period no steps were taken to remedy the condition.

The only evidence offered by the defendant was that there were three hundred and twenty-five miles of streets in the city and as to the amount spent by it in

the year for the removal of snow and ice, the amount of the city payroll for such work for the week ending the day after the accident and the number of men and trucks employed. There was no evidence as to the part of the city where these men were employed. It did appear in evidence that the care of sidewalks was entirely left in the first instance to the adjoining property owners, the city merely providing sand boxes at intervals along the streets, and that the city took no steps to remedy defective conditions on them until after the police had failed to secure action by such owners. The duty of the city to use reasonable care to keep its sidewalks reasonably safe is one which rests primarily on it and which it cannot delegate to such owners. *Kristiansen* v. *Danbury,* 108 Conn. 553, 559, 143 Atl. 850; *Stevens* v. *Neligon,* 116 Conn. 307, 164 Atl. 661. The question for the jury is, would the use of such care by the city, in view of the size and nature of the problem confronting it, have led to the discovery and remedy of the particular defects which caused the accident in time to prevent it; *Ritter* v. *Shelton,* 105 Conn. 447, 452, 135 Atl. 535; and this involved a consideration, not merely of the amount of money spent and men and equipment used, but of the way in which they were used.

No exception was taken to the charge and we assume that the jury was correctly instructed on this point. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 Atl. 901. The trial judge, who saw the witnesses and heard their testimony, refused to set aside the verdict and his action is entitled to great weight. *Schroeder* v. *Hartford,* supra, at page 337.

The defendant cites five Connecticut cases on its brief. It does not claim that they support its argument that this verdict should be set aside nor do they materially assist it in that regard. *Landolt* v. *Nor-*

*wich,* 37 Conn. 615, is the report of a Superior Court decision in which the trial judge decided as a question of fact that, under the particular circumstances, the defendant was not liable. *Carl* v. *New Haven,* 93 Conn. 622, 107 Atl. 502, found error in the charge of the court as did *Krooner* v. *Waterbury,* 105 Conn. 476, 136 Atl. 93. In *Frohlich* v. *New Haven,* 116 Conn. 74, 163 Atl. 463, the action of the trial court in setting aside a plaintiff's verdict was sustained. On the other hand, the two cases principally relied on by the plaintiff are very much in point. In *Schroeder* v. *Hartford,* supra, the decision of a jury on a question of fact, very similar to the one in issue here, was sustained by the trial court and this court. *Davanza* v. *Bridgeport,* 118 Conn. 23, 170 Atl. 484, cited by both parties, though tried to the court, is as nearly on all fours with the case at bar as such a case ever can be.

While, in our climate, considerable latitude should be allowed municipalities in cases of this character, we cannot say, as a matter of law, that the trial court erred in refusing to set aside this verdict.

There is no error.

In this opinion the other judges concurred.