ANNA F. KLING

*vs.*

CITY OF NEW HAVEN ET AL.

Superior Court      New Haven County      File No. 58946

MEMORANDUM FILED MARCH 5, 1941.

*William F. Geenty,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* Corporation Counsel, and *Martin E. Gormley,* of New Haven, for the Defendants.

BALDWIN, J. This action was brought in two counts. Under the first count plaintiff seeks to recover damages from the city resulting from injuries received in a fall sustained while walking northerly along a claimed defective sidewalk on the easterly side of Davis Street, somewhere near its intersection with Whalley Avenue. Under the second count she seeks to recover damages from the defendant, David M. Richman, owner of the land at the southeast corner of Davis Street and Whalley Avenue, which land adjoins the claimed defective sidewalk, on the ground that "as the result of the negligence and carelessness of the defendant, David M. Richman, his servants, agents and employees a large portion of the sidewalk....was broken and displaced causing a dangerous and defective condition in said sidewalk", as a result of which she sustained injuries.

The injuries were sustained on the 16th day of January, 1940, at about two o'clock in the afternoon.

The sidewalk was constructed of concrete. Some of the concrete slabs had become broken and some of the broken pieces had become displaced and the walk was defective and not reasonably safe for public travel and this defective condition had existed for a period of two or more years and the

city had been repeatedly notified of the condition but it gave it no attention by way of making repairs.

There was no evidence whatever that the defective condition was caused by the defendant Richman or by any servant, agent or employee of his.

In *Stevens vs. Neligon,* 116 Conn. 307, at pages 309 and 310, the court said: "The State places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty it cannot impose upon the property owner by contract or ordinance. *Hartford vs. Talcott,* 48 Conn. 525, 532; *Kristiansen vs. Danbury,* 108 Conn. 553, 559, 143 Atl. 850. When the abutting property owner has not by his own act created a condition upon the highway dangerous to the traveler, he is not responsible where, by reason of the failure of the city to perform its duty, it has become unsafe for public travel."

Plaintiff was a registered nurse. She underwent an operation in November preceding her fall and from which she was convalescing. From medical testimony it appeared that incapacity to engage in nursing would continue as a result of her operation until May or June following 1940.

She received a sprain of the right sacro-iliac joint, some injury to her lower back and to her right knee and some bruises. Her medical expenses which include X-rays and a belt cost her $256.50. She claims to have paid $214 for help with her housework and to have lost wages amounting to $1,050. The last two items I think are rather liberal in the amounts. She is and for a short time past has been able to take up nursing that does not involve heavy lifting, although she has not as yet had any employment.

Judgment may enter for the plaintiff to recover from the defendant city $2,750 damages and in favor of the defendant, Richman.