ESTELLE FEENEY *v.* BENJAMIN PERELMUTTER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 7—decided February 5, 1942.

*Harry E. Konick,* for the appellant (plaintiff).

*David M. Reilly,* for the appellee (defendant).

ELLS, J. The plaintiff, a tenant, fell while descending a common stairway in defendant's tenement building after dark and was injured. The trial court concluded that the defendant was not negligent in any of the respects set forth in the complaint. Upon this appeal the plaintiff abandoned her claim that the stairway was without proper railings or safeguards, and that the treads were of insufficient width and were worn to an unsafe degree. Her present claims are that the hallway was unlighted, that the lighting fixtures were broken and out of repair, that there was a foreign substance on the stairs, and that these defects were the cause of her fall.

None of the assignments of error complied with our rules, but we have examined them so far as neces-

sary to see whether substantial injustice to the plaintiff has been done. *Croughwell* v. *Chase Brass & Copper Co.*, 128 Conn. 110, 112, 20 Atl. (2d) 619. The trial court found that at about 7:15 p.m. the plaintiff came from her kitchen on the second floor of the premises, carrying a plate of garbage to be disposed of in the rear yard; that she descended the stairway, leaving the door of the kitchen open; that in the kitchen was a lighted electric bulb; that while her left foot was on the third step from the landing at the bottom she brought her right foot down to the second step, it slipped and she fell to the bottom of the inside stairway; and that the light conditions were such that she knew and saw the position of her feet on the stairway at the time she fell. On the basis of these facts the court found that the stairway was reasonably well lighted at the time. The effect of the last finding is that there was sufficient light in the stairway to afford the plaintiff reasonable protection in coming down the stairs. If this is so, any failure of the defendant himself to provide light for the stairway is not of consequence. *Kristiansen* v. *Danbury*, 108 Conn. 553, 559, 143 Atl. 850.

The trial court did not find that there was any foreign substance upon the stairs, nor does it appear that it was requested to find this fact. The only assignment of error directed to this matter was the failure of the court to find that the defendant had actual or constructive notice of a foreign substance upon the stairway. While the record contains some evidence as to the presence of such a substance, the trial court was under no duty to accept it and there was no evidence at all that any such substance had been on the stairway a sufficient length of time so that the defendant should have had notice of it. *Laflin* v.

574

*Lomas & Nettleton Co.,* 127 Conn. 61, 63, 13 Atl. (2d) 760.

There is no error.

In this opinion the other judges concurred.