FRANK PERRI *v.* CITY OF NEW HAVEN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 3—decided December 5, 1946

*Alfred F. Celentano* and *William L. Beers*, with whom, on the brief, was *George G. DiCenzo*, for the appellant (defendant).

*Isadore Chaplowe,* with whom was *Albert W. Cretella,* for the appellee (plaintiff).

ELLS, J. The plaintiff brought this action to recover damages for injuries which he sustained when he slipped and fell upon an icy sidewalk in New Haven. The main issue was whether the proximate cause of the fall was an accumulation of rough ice and frozen snow which had existed for several days or new ice deposited upon the old by a storm of rain, sleet and snow which had fallen intermittently over a period of fifteen hours and which had ended about an hour before the plaintiff was injured. The trial court concluded that the cause was the underlying condition of rough ice and hard-packed snow and that the defendant knew or should have known of the dangerous condition and had a reasonable opportunity to remedy it but failed to do so. The defendant has appealed from a judgment for the plaintiff and assigns as a principal reason the claim that the

facts found by the court do not reasonably support its conclusions.

The plaintiff fell at about 4:30 p.m. on January 16, 1945. The court found that the walk in question was then covered with treaded rough ice and frozen snow and that this condition had existed for several days. On the day before the accident, surface snow had been removed by a tractor scraper, but there remained a ragged layer of ice and hard-packed snow at least one-quarter of an inch thick. A storm of long duration commenced at 12:12 a.m. on January 16. There was freezing rain from 12:12 a.m. to 12:43 a.m., sleet from 1:46 to 2:02 a.m., snow and sleet from 2:02 to 3:18 a.m., sleet and freezing rain from 3:18 to 4:05 a.m., snow from 4:38 to 7:46 a.m., snow, sleet and freezing rain from 7:46 to 8:58 a.m., sleet and freezing rain from 8:58 to 10:50 a.m., snow, sleet and freezing rain from 10:50 a.m. to 12:13 p.m., and snow and sleet from 12:13 to 3:09 p.m. A further significant fact appears in the weather report, made a part of the finding: the temperature during all this period was below freezing.

The finding describes an intermittent storm of snow, sleet and freezing rain, but how much of each fell does not appear in it or in the weather report. However, a storm of such nature and duration necessarily had some effect upon the ice and snow previously on the sidewalk. If it caused the condition to vary only in some slight degree, the defendant would not be relieved of liability. *Keating* v. *New London,* 104 Conn. 528, 531, 133 A. 586. If the new storm caused a substantial coating of ice to be deposited upon the old ice, the court could not reasonably have concluded that the cause of the plaintiff's fall was the pre-existing defective condition of the

walk. *Frohlich* v. *New Haven,* 116 Conn. 74, 75, 163 A. 463.

The question of changed condition is the turning point of the present case, yet there is no finding sufficient to show whether the weather conditions changed the character of the old ice. The cause of the plaintiff's fall may have been the original condition of treaded rough ice and frozen snow which had existed for several days, the ragged layer of ice and hard-packed snow left on the walk by the ploughing done on the day before the accident, or the ice formed by the new storm. No facts were found by the trial court which reasonably would support a conclusion as to which of these three defects was the proximate cause of the injury. There is no finding of subordinate facts which reasonably supports the conclusion actually reached—that the cause of the fall was the underlying condition. Without it, the decision was erroneous.

There could be a fourth cause: the combined occurrence of pre-existing ice and snow and freshly fallen elements of the same nature. If the precipitation due to the new storm, while increasing somewhat the danger of the underlying defect, amounted to no more than an incidental and slight cause of the injury, it properly could be found that the pre-existing defect and not the new precipitation was the proximate cause of the injury. *Frechette* v. *New Haven,* 104 Conn. 83, 91, 94, 132 A. 467. Upon the finding made and the conclusion reached in the present case there is no occasion for discussing this question. We mention it because it may require consideration upon a new trial of the case.

A further conclusion reached by the trial court was that the defendant knew or should have known

of the hazardous condition of the walk and had a reasonable opportunity to remedy it. It is true that "The length of time a defect in a sidewalk must have existed in order to charge a municipality with notice of its existence is a question of fact. Unless the period be so long [or so short] that but one conclusion could result, its determination should be left to the trier." *Scoville* v. *West Hartford,* 131 Conn. 239, 243, 38 A.2d 681. However, in the present case the fact can be determined only upon a finding of subordinate facts which reasonably supports a conclusion as to which defect was the proximate cause of the injury. See *Shuchat* v. *Stratford,* 125 Conn. 566, 570, 7 A.2d 387. The time element varies considerably as to the first three causes we have mentioned.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.