## Anna Cusick *v.* City of New Haven

Baldwin, C. J., King, Murphy, Shea and Bordon, Js.

Argued May 4—decided July 11, 1961

*Thomas F. Keyes, Jr.,* with whom, on the brief, were *Harold M. Mulvey, A. Frederick Mignone* and *Horace F. Trotta,* for the appellant (defendant).

*Joseph B. Clark,* with whom was *David J. McCoy,* for the appellee (plaintiff).

Shea, J. The plaintiff brought this action to recover damages for injuries which she sustained as the result of a fall on an icy sidewalk in New Haven. The court rendered judgment for her, and the defendant has appealed.

The finding, with certain corrections, sets forth the following facts: On March 2, 1957, at about 6:45 a.m., the plaintiff slipped and fell on an icy sidewalk in front of the premises at 242 Hallock Avenue. She worked on the night shift in a factory located across the street and was walking home from work at the time of the accident. The sidewalk was extremely slippery. It had not been sanded, nor had a similar abrasive substance been applied to it. On the nights of February 28 and March 1, around 11 p.m., while walking to work, the plaintiff had observed, from across the street, that the sidewalk in front of 242 Hallock Avenue was covered with ice. When she went to work on the night preceding her fall, it was snowing and sleeting. Precipitation ceased sometime during the night. When the plaintiff fell, the walk was in a more dangerous condition and was more slippery than when she had observed it at 11 p.m. on the preceding night. The storm which ended during the night had begun in the form of rain on February 28 at about 4:20 p.m. At that time, the city sidewalks were free of snow or sleet. At 8:45 p.m., the storm turned into a freezing rain, followed at 9:30 p.m. by sleet which continued to fall until the morning hours of March 1. Sleet mixed with snow fell during the entire day of March 1, covering the streets with an accumulation of about one inch. Freezing temperatures prevailed throughout that day and on the morning of March 2. Hallock Avenue is located approximately one and one quarter miles from the center of the city, which has 232 miles of streets and 330 miles of sidewalks to maintain.

On these facts, the trial court concluded that the icy condition had existed on the sidewalk two full days before the accident, that the defendant knew

or should have known of the hazardous condition, and that the defendant had a reasonable opportunity to remedy the condition, which was the sole cause of the plaintiff's fall. The defendant contends that the facts do not support these conclusions. The city could not be held liable unless the defective condition which caused the plaintiff's fall had existed for such a length of time that the city was charged with notice of it and had a reasonable opportunity to remedy the defect. *Yandow* v. *Bristol*, 145 Conn. 703, 704, 146 A.2d 409; *Wadlund* v. *Hartford*, 139 Conn. 169, 172, 91 A.2d 10; *Ritter* v. *Shelton*, 105 Conn. 447, 450, 135 A. 535. There is nothing in the finding to show that there was any ice upon this sidewalk on February 28 at 8:45 p.m., when the rain which was then falling began to freeze. Thereafter, the storm kept changing from sleet to snow until it ended, so conditions on the surface of the sidewalks could not have remained the same. The facts do not reasonably support the conclusion reached by the trial court that the icy condition of the walk, at the time of the plaintiff's fall, had been in existence for approximately two full days. A substantial change had taken place in the condition of the sidewalk between March 1 at 11 p.m. and March 2 at 6:45 a.m., when the plaintiff fell. According to the plaintiff's own testimony, the conditions at the latter time were more dangerous than they were at the former, when she went to work.

Ordinarily, the length of time a defect in a sidewalk must exist in order to charge a municipality with notice of its existence is a question of fact. Unless the period is so long or so short that only one conclusion can result, the determination of the question should be left to the trier. *Perri* v. *New Haven*, 133 Conn. 291, 295, 50 A.2d 421; *Scoville* v.

*West Hartford,* 131 Conn. 239, 243, 38 A.2d 681. In the present case, however, the circumstances did not warrant the conclusions reached by the court. The time which elapsed between the end of the storm and the time when the plaintiff fell was insufficient to justify the conclusion that the defendant knew or should have known of the icy condition which caused the plaintiff's fall and that the defendant had a reasonable opportunity to remedy that condition. *Wadlund* v. *Hartford,* supra, 176; *Bazinet* v. *Hartford,* 135 Conn. 484, 488, 66 A.2d 117; *Perri* v. *New Haven,* supra; *Scoville* v. *West Hartford,* supra; *Frohlich* v. *New Haven,* 116 Conn. 74, 75, 163 A. 463. It is not the duty of a municipality to keep its highways reasonably safe for public travel under all circumstances, nor to use all possible means to bring that result about; rather its duty is to make such efforts and employ such measures to that end as, in view of all the existing circumstances and conditions, are in themselves reasonable. *Ritter* v. *Shelton,* supra, 449.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.