MARTHA McCORKLE *v.* CITY OF HARTFORD

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 31

Argued June 10—decided July 18, 1975

*Igor I. Sikorsky, Jr.,* for the appellant (plaintiff).

*Anthony M. Tapogna,* for the appellee (defendant).

PER CURIAM. On December 31, 1969, at about noon, the plaintiff fell on a public sidewalk at the northwest corner of Garden Street and Mather Street in the city of Hartford and sustained personal injuries. On December 31, 1969, a precipitation in the form of snow, sleet, and/or freezing rain began at 2 a.m., continued through noon, when the plaintiff fell, and ended about 4 p.m. Three inches of snow fell during those hours; at the time that the plaintiff fell, it was snowing. The trial court found that there was no evidence as to how long the condition which caused the fall had existed on the sidewalk before she fell.

Among the prerequisites for recovery, the plaintiff must establish by a fair preponderance of the evidence that (1) the defendant city knew of the defect, or that this particular defect had existed such a length of time that had the city exercised a reasonable supervision of its sidewalks, it should have known of the defect; (2) the city, having knowledge of the defect, either actual or constructive, must have had reasonable time under all the circumstances and conditions within which to remedy that defect and failed to do so; and (3) the defect must have been the sole proximate cause of her personal injuries and damages.

In the matter at bar, the court found that the plaintiff failed to sustain her burden of proof. In addition, the court concluded that the city had no notice, actual or constructive; did not have a reasonable opportunity to remedy the condition; and exercised reasonable care to maintain its side-

walks in a reasonably safe condition. On review of the record, we concur with the findings and conclusions of the trial court. There is ample evidence to support its findings; and its conclusions are reasonable and logical.

"Ordinarily, the length of time a defect in a sidewalk must exist in order to charge a municipality with notice of its existence is a question of fact. Unless the period is so long or so short that only one conclusion can result, the determination of the question should be left to the trier." *Cusick* v. *New Haven*, 148 Conn. 548, 550. Here, the plaintiff fell while the snowstorm was in progress. The court specifically found that the plaintiff's fall and her consequent injuries were caused by the storm in progress at the time of the fall.

In *Jainchill* v. *Schwartz*, 116 Conn. 522, 525, our Supreme Court held that a slippery condition on a public sidewalk which existed from 7 to 10:30 a.m., the time of the accident, was insufficient, as a matter of law, to establish notice of that defective condition and an opportunity to remedy it. In *Bazinet* v. *Hartford*, 135 Conn. 484, 488, where a storm stopped at 4:30 a.m. and the plaintiff fell on a sidewalk covered with ice and snow at 8:30 a.m., an hour and a half after sunrise, it was held that the time elapsed was insufficient, as a matter of law, to sustain a finding of constructive notice and an opportunity of remedying the condition. See also *Cusick* v. *New Haven*, supra, 551; *Pape* v. *Cox*, 129 Conn. 256, 261; *Frohlich* v. *New Haven*, 116 Conn. 74, 75; *Jennes* v. *Norwich*, 107 Conn. 79, 81.

There is no error.

Speziale, Sponzo and A. Armentano, Js., participated in this decision.