[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action for damages for injuries sustained by her when she crossed over the center line while operating her vehicle and collided with another vehicle. The collision occurred on February 23, 1987 on Benham Street, a public highway in the Town of Hamden, at approximately 6:27 a.m. during the course of a snowfall which began about 5:00 that morning and lasted until approximately 1:00 p.m.
The total snowfall for the eight-hour period was approximately two and a half inches.
The plaintiff alleged that her vehicle slid because of a defective highway condition consisting a snow and ice. She admitted under oath that she never saw any ice but that it "felt icy" when her vehicle slid across the highway.
The jury found the issues in favor of the plaintiff and awarded two hundred thousand dollars in damages. The defendant moved to set aside the verdict on the grounds that there was insufficient evidence for the jury to make a determination that there was a defect and the nature thereof. Moreover, the defendant contends that there was insufficient evidence for the jury to find that the defendant had notice of the defect. A corollary to the notice requirement is that the defendant must also have an opportunity to remedy the condition complained of. This is particularly important when the alleged highway defect is claimed to be due to ice and snow at a point in time when the snow is still falling. See, Pape v. Cox, 129 Conn. 256 (1942).
The statutory rights giving rise to this action (Gen. Stat.13a-149) require notice, either actual or constructive, as a condition precedent of liability. Sometimes overlooked, as in the instant case, is the requirement that "the notice which a municipality must receive . . . is notice of the defect itself which occasioned the injury . . . and not merely of conditions naturally productive of that defect and subsequently in fact producing it." Pape v. Cox, supra, at 259-260; (quoting Carl v. New Haven,93 Conn. 622, at 628); Hall v. Burns, 213 Conn. 446, 462 (1990); Burke v. West Hartford, 147 Conn. 149, 151 (1960). "Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." (emphasis added) Carl v. New Haven, 93 Conn. 622, 628 (1919).
The plaintiff, at the time of this incident, was employed as a Special Education Resource Teacher in the New Haven school system where she had taught for approximately seventeen years. A physically active person, she testified that she had enjoyed good health prior to this incident except for `minor headaches" CT Page 5673 resulting from a motor vehicle accident, in 1979 for which she had been treated by a neurologist. The plaintiff testified that at the time of this incident it was snowing and she was wearing a seatbelt while operating her vehicle. Upon impact with the other vehicle, the plaintiff stated that she must have lost consciousness because she next remembered being outside of her vehicle. However, she gave her doctors a history of striking her head and of striking her knees on the dashboard. She was alone in her vehicle as she set out for school that morning.
The plaintiff suffers from multiple sclerosis which has advanced to a stage that makes it difficult to move without the use of her crutches and, throughout the trial, her movement in front of the jury was extremely slow and was made with apparent discomfort. While not claiming that condition was due to injuries received from the accident, the plaintiff did place in evidence testimony that she was a healthy, energetic and physically active person prior to the accident but had since become a virtually helpless recluse. The evocative appeal to the jury for its sympathy was intense throughout the trial.
The plaintiff's foremost complaint of injuries was that she had sustained cervical myelopathy. That diagnosis is a descriptive phrase relating to a "problem in the cervical spinal cord that can be from any number of sources." The process causing the condition was confirmed by submitting the plaintiff to an MRI. However, the abnormalities revealed by the MRI may have existed for years. Moreover, the neurological evidence submitted by the plaintiff indicated that the abnormalities of her brain as revealed by the MRI might account for her multiple sclerosis as well as explain the abnormality in her cervical cord.
The jury, upon receiving the case, requested that it be given a copy of the statute defining the word "defect." It had received detailed instructions of law as to the elements required to be proven by the plaintiff under the statute, General Statutes, Section 13A-149 as well as instructions concerning its provence to determine whether, upon the evidence, a defect existed. Moreover, it was instructed to set aside any feelings of sympathy and to decide the facts based upon the evidence presented. Notwithstanding these instructions, it is obvious from the award given that the jury was confused as to the law and were influenced and allowed sympathy to enter into and determine their verdict. The court is compelled to conclude that the jury failed to understand and to follow its instructions as to the elements of liability imposed upon the plaintiff by statute. The jury had a sworn duty to consider each and every one of the statutory elements and not to render a verdict based upon sympathy. The verdict rendered was biased and prejudicial. CT Page 5674
The evidence was insufficient to meet the burden of proof required as to each and every element under the statute. A condition of snow and/or ice on a highway does not constitute a defect which is the sole proximate cause of the accident and injuries alleged in this case. To rule otherwise would be to uphold a verdict necessarily founded in speculation and conjecture. "When, in the course of events leading up to the injury . . . did this highway become defective?" Aaronson v. New Haven, 94 Conn. 690, at 695, (1920). The statutory duty imposed upon the defendant cannot be breached, giving rise to a cause of action unless and until there is a defect in the highway for which the defendant is liable because "it has either failed, to use reasonable care in" discovering the existence of the defect, or has failed after actual notice or constructive notice to use reasonable care in repairing it. `Notice of another defect, or the existence of the cause likely to produce the defect, is not sufficient.'" Aaronson v. New Haven, surpa, at 696.
The plaintiff here, in an effort to meet the notice requirement, presented evidence that prior to entering upon the highway where she collided with the other vehicle, the Town of Hamden had announced the closing of its public schools because of the snowfall. Such evidence did not and could not meet the plaintiff's burden of proving notice of a particular defect in the highway where the automobile accident occurred. Moreover, the evidence presented by the plaintiff clearly showed that the time elapsed from the start of the snowfall to the time of the accident (approximately one and a half hours) was insufficient as a matter of law to sustain a finding of constructive notice and an opportunity of remedying the condition." Bazinet v. Hartford,135 Conn. 484, at 488 (1949). See, also, Cusick v. New Haven,148 Conn. 548, 551 (1961) (a 3-day period of time held insufficient to afford municipality an opportunity to remedy condition of ice).
The assumptions underlying the plaintiff's claims herein would require the municipality, in derogation of the legal duty existing solely because of statute, to guarantee completely its highways from inclement weather of whatever nature at any time. The statutory elements of a defect, notice and reasonable opportunity to repair or remedy defects would become nullities. The verdict herein is set aside because the evidence is insufficient to support the verdict.
THE COURT LEANDER GRAY, JUDGE.