[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action arising from a slip and fall on an icy public sidewalk in front of the premises known as No. 587 Park Street in the City of Hartford. He brings this action against the abutting owner Magera Inc. Also named as co-defendants are Angel Jaquez and Michael Godoy who are described as officers, directors, shareholders and owners of Magera, Inc.
The duty of care with respect to the presence of ice and snow on public sidewalks is prescribed by General Statute 7-163a(c)(i). Under those provisions Magera Inc. has the same duty of care with respect to the public sidewalk abutting its property as the municipality had prior to its adoption of the provisions of said Section 7-163a. The nature of the municipality's duty under the Statute has been addressed in numerous Supreme Court decisions. See, for example, Cusick vs. City of New Haven,148 Conn. 548.
The plaintiff, who was age 26 at the time, was walking on the public sidewalk adjoining the defendant's property at 11:00 P.M. on January 10, 1991. On the day before there had been six-tenths of an inch of precipitation in the form of sleet, snow and ice pellets. In the time prior to the fall, the temperature had been between 30 degrees and 18 degrees on the ninth of January, and between 37 degrees and 18 degrees on the tenth of January. It is concluded, therefore, that the icy condition had existed for about 24 hours before the fall. Upon the facts presented, it is also concluded that the defective condition had pre-existed the accident a sufficient period of time to require action by the defendant. It is further concluded that the plaintiff's conduct did not to any degree cause or contribute to his fall.
After his fall the plaintiff walked a few blocks to CT Page 11135 his home. In the morning he presented himself at the Emergency Room at the Hartford Hospital, where he was examined and X-rayed. The X-rays were negative. Also, his symptoms were essentially negative. He was released with the instruction that he see an orthopedic doctor. This was never done and he did not seek further medical attention until nine months later. During that period he used crutches for a short time.
On October 24, 1991, after the lapse of nine months, the plaintiff reappeared at the Hartford Hospital Emergency Room. He still had complaints of pain in the hip. A CAT scan was negative for fracture. He was referred for physical therapy. There was no evidence produced as to a permanency rating. The severity of his injuries was to some degree overstated.
The plaintiff has incurred a bill due to Hartford Hospital in the sum of $1,171.25.
The plaintiff claims that the defendant Godoy is liable as a stockholder or person operating the business after the corporation has been dissolved. He cites as authority 19 Am. Jur. 2nd, [Am.Jur.2n], Section 2887 which provides as follows:
There is authority that if a corporation continues to operate as such after its dissolution, and its business is not limited to winding up its affairs, the stockholders or persons operating the business become personally liable for its obligations.
In this case, through the testimony of Godoy, it was stated that the corporation was dissolved, that its main asset was the property at 587 Park Street, and that he was responsible for the care of the property. It is noted also that the allegations in the complaint as to the date of dissolution and as to control of the property are not admitted in the defendant's answer; nor is there testimony which would enable the court to determine whether the corporation's business was or was not limited to winding up its affairs.
The provisions of General Statute 33-378(f) may also be considered: "The dissolution of a corporation shall not CT Page 11136 of itself render the shareholders liable for any liability or other obligation of the corporation, nor vest title to the property of the corporation in the stockholders."
In view of these considerations it is found that liability on the part of the defendant, Godoy, has not been established.
On June 12, 1992 a default for failure to appear was entered as to the defendant, Angel Jaquez.
As to the corporate defendant, it concedes in its brief that it is liable. Although sufficient evidence was not produced at the trial, its brief concedes that it acted as a de facto corporation executing contracts and paying bills in its corporate name. Because of this concession judgment may enter against it.
Judgment may enter with costs in favor of the defendant Michael Godoy and in favor of the plaintiff against the defendants Angel Jaquez and Magera Inc. in the sum of $2,500.00.
John M. Alexander State Judge Referee