[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 12, 1995
In this case the plaintiffs filed a complaint which has been amended for the wrongful death of plaintiff's decedent and for loss of consortium. The decedent was walking on a public sidewalk when she came to a portion of the sidewalk that was unplowed, unsanded and covered with snow. She then stepped out into the street where she was struck and killed by a passing auto.
In counts two and eighteen pursuant to Section52-557n(a) and (b), counts three and nine pursuant to Section 52-557n(c) and counts five and twenty-one pursuant to Section 7-465 the plaintiffs allege that the above mentioned occurrence resulted from the negligence of the defendant town in failing to inspect said premises, failing to enforce city ordinance(s) and failing to fashion, design and implement proper enforcement procedures.
The defendant town moves to strike these counts based on the argument that Section 13a-149 is the exclusive remedy for highway defects. Also the last mentioned statute according to the defendant prohibits any claim for loss of consortium. A motion to strike admits all well-pleaded allegations and fair inferences therefrom Amodio v. Cunningham, 182 Conn. 80, 82
(1980). Conclusions of law, of course, cannot be deemed admitted since this would contradict the motion to strike's function of testing the legal sufficiency of pleadings.
 A.
In Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991) the Supreme Court held rather explicitly that:
 . . . "we construe § 52-557n to provide that an action under the highway defect statute, § 13a-149 is a CT Page 869 plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.' It also, therefore, precludes a joint action seeking such damages against a municipality and its officer pursuant to § 7-465(a); otherwise the proviso in § 52-557n would be stripped of all meaning, for § 7-465(a) would permit a plaintiff to reach the result forbidden by § 55-557n; the imposition of tort liability on a municipality for a highway defect claim." Id. p. 192.
In an argument similar to the one made by the plaintiff here, the Sanzone plaintiff argued that "whether the accident was caused by a `highway defect' cannot be determined until trial, and that until the status of the accident's cause can be determined other legal theories must remain viable as alternative means of redress." Id. p. 201. There, as here, the plaintiff brought a claim under § 52-557.
The court rejected the argument saying: "Whether a highway is defective may involve issues of fact but whether the facts alleged would, if true amount to a highway defect according to statute is a question of law which may be determined on a motion to strike."Id. p. 201.
What the court seems to be saying to trial courts faced with deciding a motion to strike such as the one filed here is the following:
 1.) Examine the pleadings to determine what the condition that caused the accident is alleged to have been. (In Sanzone it was a traffic light, here it is "accumulation and mounds of ice and snow.")
 2.) Look to the traditional definition of "highway defect" to determine whether the cause of the accident alleged in the case before you falls within that definition.
 3.) If it does, then the motion to strike must be granted where a claim is brought under § 52-557n. CT Page 870
The plaintiff argues that in this particular case the court cannot, as a matter of law, determine if the alleged cause of the accident was a highway defect because it cannot determine if "the particular accumulation (of ice and snow) in the instant case constitutes a `defective highway'." Memorandum, pp 3-4. The plaintiff concentrates on the court's language quoted above where the court says: "Whether a highway is defective may involve issues of fact but whether the facts alleged would if true, amount to a highway defect according to the statute, is a question of law."Id. p. 201 (emphasis added). The plaintiff also notes the court cites Older v. Old Lyme, 124 Conn. 283, 285
(1938) for this proposition. There is some merit to the plaintiff's position that in all instances it may not be possible to determine if the alleged cause of an accident is a highway defect. In fact the Sanzone court after holding that a malfunctioning traffic light, although not a physical impediment at street level, is "unquestionably" a highway defect went on to say at
 We need not consider, therefore, the impact of § 52-557n would have in another case in which the statutory status of an accident's cause could not be established prior to trial.
But plaintiff's argument amounts to no more than admonishing the court to look to the facts alleged in the complaint to determine if a highway defect is necessarily alleged or whether the facts alleged allow for an alternative theory of recovery besides a claim made under Section 13a-149.
A plaintiff cannot escape such a review of the legal sufficiency of the pleadings in a case of this type by simply asserting alternative theories of recovery. A court must look to the facts alleged and determine if a highway defect is being alleged despite the labels the plaintiff has chosen to put on his or her counts. Whether for purposes of discussion the facts alleged can be said to be a highway defect, there is no claim that the underlying factual allegations are not the same in the count relying on § 13a-149 and the count relying on § 52-557n for their respective claims. In CT Page 871Sanzone itself the underlying complaint apparently made no claim under § 13a-149 but only a claim under § 52-557n, id. pp. 181-182, but the trial court, in granting the motion to strike, reviewed the factual allegations and determined no matter how the plaintiff characterized the claim what was really being alleged was a highway defect. It granted the motion saying the exclusive remedy for such a claim is § 13a-149 and the Supreme Court agreed with the procedure the trial court adopted and its conclusion.
It is up to the plaintiff to allege those facts which might support alternative theories of recovery. It won't do to speculate on the possible development of unstated factual variations that may come to light in discovery or at trial and thus preclude the court from considering this motion to strike. That type of argument would preclude motions to strike raisingSanzone issues in almost every case.
So the question presented is whether the court can conclude from the facts alleged (an accumulation of ice and snow) that a highway defect is involved here. A highway defect is defined in Hewison v. New Haven,34 Conn. 136, 142 (1867); a highway defect is
 [a]ny object in, upon, or near the traveled path which would necessarily obstruct or hinder the use of the road for the purpose of traveling thereon or which from its nature and position would be likely to produce that result.
The court went on to distinguish such highway defects from objects "which have no necessary connection with the road bed or the public travel thereon, and which may expose a person to danger not as a traveler but independent of the highway," id. p. 143.
Given this definition, it is difficult to understand how an accumulation of ice and snow on a sidewalk would not be a highway defect, cf Cusick v. New Haven,148 Conn. 548, 549, 550 (1961), Bazinet v. Hartford,135 Conn. 484, 485 (1949), Jennes v. Norwich,107 Conn. 79, 80 (1927). CT Page 872
The motion to strike is granted as to counts two and three and under the reasoning of Sanzone, counts five and twenty-one.
 B.
Counts seventeen, eighteen, and nineteen must also be stricken since Section 13a-149 has been held not to permit damages for loss of consortium. InSanzone the court said at pp. 198-99
 . . ."in providing that `no cause of action' shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium. An action for loss of consortium `is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse' is barred . . . Section 13a-149 does not permit damages for loss of consortium but permits recovery only by the injured `traveler'."
The motion to strike counts seventeen, eighteen and nineteen are granted.