ANTHONY KISS ET AL. *v.* FREDERICK H. KAHM ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 2—decided February 13, 1946.

*David R. Lessler,* for the appellant (defendant La-Voie).

*Harry Freedman,* for the appellees (plaintiffs).

DICKENSON, J. The claim of the plaintiffs was that they were induced to buy the defendant LaVoie's property by false representations of his agent, the defendant Kahm, that there was an artesian well upon it. The jury rendered a verdict for the plaintiffs against both defendants. The defendant LaVoie,

alone, has appealed, assigning error in the denial of a motion to set aside the verdict, in a single paragraph of the finding which stated that an admission had been made by counsel, and in the charge. There were no requests to charge, and no oral objection was made to the charge at its completion in compliance with Practice Book, § 156. We do not consider the numerous assignments of error directed to the charge.

The evidence has not been certified, but the parties have stipulated that their claims of proof as set forth in the finding shall be considered by us as a summary of it. See Conn. App. Proc., p. 156, § 115. We apply the same rule that we would have, had all of the evidence been before us—that the evidence and the facts are to be taken in the light most favorable to sustaining the verdict. *Bunnell* v. *Waterbury Hospital*, 103 Conn. 520, 524, 131 Atl. 501; Conn. App. Proc., p. 152. An examination of the claims of the plaintiffs in the finding shows that they introduced evidence that La-Voie, hereinafter called the defendant, employed Kahm, a real estate broker, as his agent to sell his property; that Kahm showed the property to the plaintiffs; that the plaintiffs called Kahm's attention to a concrete slab over a well and were informed by him that this was a sealed artesian well; that Kahm either knew this statement was false or made it recklessly without knowing whether it was true or false, for the purpose of inducing the plaintiffs to act upon it; and that the plaintiffs did act upon it and bought the property. Upon this evidence the jury reasonably could have found that Kahm, as the defendant's agent, made a false and fraudulent statement to the plaintiffs that induced them to buy the property; and that they failed to get what they had contracted for, to their damage. *Water Commissioners* v. *Robbins*, 82 Conn, 623, 634, 636, 644, 74 Atl. 938.

The defendant contends before this court that if Kahm made the false representation as to the well it was made without express or implied authority and was not binding upon him. The trial court has found that it was an admitted fact that Kahm was the defendant's agent; that the defendant made no claim that Kahm was merely his broker; and that his counsel stated in argument that if Kahm was liable the defendant too would be liable. The defendant claims that the statement was immaterial and irrelevant and does not preclude him from now raising the question of authority to make the representation. The effect of the statement upon the jury is obvious. They were told by the defendant that they could decide the case on the narrow issue of whether or not the representation was in fact made, and we must assume that they did. The defendant is hardly in a position now to revive the issue of the authority of his agent to make the representation. *Kanopka* v. *Kanopka,* 113 Conn. 30, 38, 154 Atl. 144; *King* v. *Spencer,* 115 Conn. 201, 204, 161 Atl. 103; *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 684, 136 Atl. 586; and see *Koops* v. *Gregg,* 130 Conn. 185, 187, 32 Atl. (2d) 653. As to the defendant's claim that the parol evidence rule forbids proof of the misrepresentation because the contract between the parties was subsequently reduced to writing, the answer is that, except under unusual circumstances, and they do not exist here, the rule has no application where there has been fraud. *Feltz* v. *Walker,* 49 Conn. 93, 98; *McLaughlin* v. *Thomas,* 86 Conn. 252, 256, 85 Atl. 370; 9 Wigmore, Evidence (3d Ed.), p. 73; *Water Commissioners* v. *Robbins,* supra, 636.

The defendant attempted to adduce testimony that there had been a dry season and that other wells in the neighborhood went dry. This was on the theory

that the plaintiffs, in their complaint, not only claimed misrepresentation as to the presence of an artesian well but also and separately, that the water supply that existed was inadequate. This is a strained construction of that pleading and not the theory upon which the case was tried, which was misrepresentation as to the existence of an artesian well. The trial court acted within its discretion in refusing to admit the evidence.

There is no error.

In this opinion the other judges concurred.