THE NICHOLSON REALTY, INC. *v.* NATHAN LIBBY ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 1—decided October 29, 1957

*Charles Stroh,* with whom was *John W. Joy,* for the appellants (defendants).

*Thaddeus W. Maliszewski,* for the appellee (plaintiff).

KING, J. The plaintiff, a real estate broker, brought this action to recover a commission. The first count of the complaint alleged, in effect, that the defendant owners orally agreed to list the property with the plaintiff at a net selling price of $72,500, with a commission of $7500, making a gross selling price of $80,000; that thereafter the president of the plaintiff showed the property to officers of the Chesley Construction Corporation, hereinafter referred to as Chesley, and an oral agreement was made for a sale of the property to Chesley for $80,000, although the defendants refused to put anything in writing until their attorney had prepared an agreement of sale; that at the attorney's office the defendants, before they would have the written agreement prepared, demanded that the plaintiff's commission be reduced to $5000, which demand the plaintiff rejected; that Chesley was ready, willing and able to sign a contract for the purchase of the property and to purchase the property at the price asked by the defendants when they retained the plaintiff's services; and that the plaintiff is entitled to a commission of $7500. In a second count the plaintiff sued for the fair value of its services, but this count was not submitted to the jury and is not involved in this appeal. A verdict of $6500 was returned by the jury on the first count.

The defendants filed no requests to charge. They took two exceptions to the charge. Their other assignments of error not addressed to the finding

complain of one ruling on evidence and the court's denial of their motion to set aside the verdict.

The defendants have made an extensive attack on the finding. No finding was needed, nor could one be used, in connection with the assignment of error attacking the denial of the motion to set aside the verdict, since the action of the court is tested by the evidence, not by the finding. *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 590, 53 A.2d 296; Maltbie, Conn. App. Proc. (2d Ed.) § 185, p. 227. In the instant case, the only purpose of a finding is to test the two claims of error in the charge and the single claim of error in a ruling on evidence. The finding as made is substantially adequate for review of these three assignments of error and cannot be corrected in any respect which will benefit the defendants.

The defendants excepted to the charge on the ground that it did not clearly state that the plaintiff would not be entitled to a commission for negotiating a mere option to purchase the property, since such a service was not within the terms of the plaintiff's employment as alleged in the complaint. While the court's amplification of its charge in response to this exception, considered alone, may well have been inadequate or even erroneous, the charge as a whole made it sufficiently clear that the plaintiff was not entitled to a commission unless an actual agreement of sale, even though unenforceable under the Statute of Frauds because oral, was reached between buyer and seller. The second exception to the charge was not pursued in the brief, and the claim of error based thereon is therefore construed as abandoned. *Somers* v. *Hill*, 143 Conn. 476, 480, 123 A.2d 468.

The defendants objected to a question asked of the witness Chessari as to Chesley's financial condition,

on the ground that since Chessari, as a witness called
by the plaintiff, had already testified that the terms
of the contract of purchase had not been agreed up-
on, the financial ability of the buyer was immaterial.
Chessari's testimony was not a judicial admission
of the plaintiff under our rule. *Kanopka* v. *Kanopka,*
113 Conn. 30, 38, 154 A. 144. The ruling was clearly
correct. *Martino* v. *Palladino,* 143 Conn. 547, 548,
123 A.2d 872.

Finally, the defendants moved to set aside the
verdict as against the evidence. In three assign-
ments of error the defendants in effect assert that
the court erred in denying the motion because cer-
tain conditions were never agreed upon between the
buyer and the seller and consequently the plaintiff
was not entitled to any commission. There was evi-
dence from which the jury could find that an oral
agreement of purchase and sale, then acceptable to
Chesley and the defendants, had been reached and
that a down payment of $500 had been made to, and
received by, the defendants. The court properly left
this claim to the jury as a question of fact, and the
verdict shows that it was resolved against the de-
fendants. In another assignment of error, the de-
fendants contend that the court erred in denying
their motion because the intention and understanding
of the parties was that any contract should not be
considered as consummated until it had been re-
duced to writing and executed by them. As has al-
ready been pointed out, there was evidence to the
contrary. This disposes of the assignment of error
adversely to the defendants.

The basic assignment of error was that since the
first count alleged an express contract for a commis-
sion of $7500, the plaintiff had to recover, if at all,
in that amount. There was evidence that the presi-

dent of the plaintiff, although he did not enter into an outright agreement, did indicate to Chesley, after the conference in the office of the defendants' attorney at which the latter unsuccessfully tried to persuade him to accept a commission of $5000, that he might be willing to accept a commission of $6500 in order to induce the defendants to carry out their oral contract of sale.

In one paragraph of the charge, the court instructed the jury that the plaintiff was relying wholly on an express contract and claimed damages of $7500 under this contract. In the next paragraph, the jury were instructed that a party injured by a breach of a contract is entitled to recover the actual loss sustained by him because of the breach, which is the loss of what he would have had if the contract had been performed. It is immaterial whether the charge should have instructed the jury that, under the pleadings, the plaintiff was entitled to recover $7500, the figure alleged to be contained in the express contract, or nothing, since no exception was taken to either of the above statements in the charge, nor were any requests to charge filed. Consequently, the charge as given stated the law governing the case with respect to the damages which could be awarded. *Rosenblatt* v. *Berman,* 143 Conn. 31, 37, 119 A.2d 118. The effect of the charge was to lead the jury to understand that although the plaintiff could recover only on the express contract alleged, even then it could recover only what it would have received had the contract of sale been carried out by the defendants. In view of the testimony as to the possible willingness of the plaintiff's president to accept $6500, the jury might have concluded that the plaintiff sustained its burden of proving its actual loss only to the extent of that amount. This would make

the verdict as rendered consistent with the charge. That being so, the defendants cannot obtain a new trial on the ground that the verdict against them was, as they claim, $1000 less than it legally could have been under the pleadings. *Rosenblatt* v. *Berman,* supra.

There is no error.

In this opinion the other judges concurred.