ROBERT M. GOODMAN, EXECUTOR (ESTATE OF FRANCINE C. GOODMAN) *v.* NORWALK JEWISH CENTER, INC.

WYNNE, C. J., BALDWIN, DALY, KING and BORDON, Js.

Argued February 6—decided March 6, 1958

*Morris Robinson,* for the appellant (plaintiff).

*Paul V. McNamara,* for the appellee (defendant).

KING, J. Francine E. Goodman fell while descending the outside steps of a building owned by the defendant. She died prior to the institution of this action, in which her husband, as her executor, seeks to recover damages for the personal injuries sustained by her as a result of her fall. The finding indicates

no claim of proof that the fall caused her death. The defendant had a verdict. There were a number of issues in the case, including that of charitable immunity. In answer to one of five interrogatories, the jury found that the decedent was chargeable with contributory negligence. If there was no error affecting that issue, it will be unnecessary to consider the assignments of error affecting only the other issues. *Beal* v. *Merritt-Chapman & Scott Corporation,* 145 Conn. 43, 45, 138 A.2d 518; *Himmelstein* v. *General Electric Co.,* 144 Conn. 433, 436, 133 A.2d 617.

Certain fundamental rules must be kept in mind. In the first place, General Statutes § 7836 provides in part: "[I]t shall be presumed that . . . [the] person . . . who was injured . . . was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence be relied upon as a defense, it shall be affirmatively pleaded by the defendant . . . , and the burden of proving such contributory negligence shall rest upon the defendant." A plea of contributory negligence "shall specify the negligent acts or omissions on which he relies." Practice Book § 104. It necessarily follows that the burden of proof, in the sense of the risk of nonpersuasion, on the issue of contributory negligence rests throughout on the defendant and that an injured party can be found chargeable with contributory negligence only in a respect fairly within the purview of the allegations of an appropriate special defense. *McPheters* v. *Loomis,* 125 Conn. 526, 534, 7 A.2d 437; *Vignone* v. *Pierce & Norton Co.,* 130 Conn. 309, 316, 33 A.2d 427; *Chase* v. *Fitzgerald,* 132 Conn. 461, 465, 45 A.2d 789.

The defendant's special defense charged contributory negligence on the part of the decedent "in fail-

ing to make proper use of her senses and faculties in descending said staircase." Consequently, the jury's finding of contributory negligence, if it is to stand, must have been predicated on a finding of negligence on the part of the decedent in one or more of the respects alleged in the special defense. As to errors assigned in connection with the charge, it must be kept in mind that the charge is tested by the claims of proof in the finding. *Nicholson Realty, Inc.* v. *Libby,* 144 Conn. 555, 557, 135 A.2d 738. Under the defendant's claims of proof, the senses which it is claimed the decedent failed to use were limited to that of sight, in looking at the steps, and that of touch or feeling, in the use and placement of a crutch and its tip. While the reasonable meaning of "faculties" is bodily powers, which might include the functioning of eyes, hands, arms, legs and feet, there was nothing in the defendant's claims of proof even suggestive of negligence in the decedent's use of the handrail.

The plaintiff claims that the court erred in adding to the finding, in the claims of proof of the defendant, certain matters not covered in the defendant's counterfinding. This assignment is without merit. It is the right of the court, in a finding in a jury case, fairly to include all claims of proof material to the questions of law which a request for a finding made pursuant to the requirements of Practice Book § 398 has stated it is desired to have reviewed on the appeal. Maltbie, Conn. App. Proc., § 145. This right cannot be abridged or circumscribed by any shortcomings in the statements as to the claims of proof, whether they occur in the draft finding or in the counterfinding or in both. *Wilson* v. *M & M Transportation Co.,* 125 Conn. 36, 42, 3 A.2d 309. One of the additions made to the finding in the pres-

ent case was material to the questions determined in this appeal.

Two assignments of error attack the charge as given, but since no objection was made nor exception taken to the portions in question, the court was given no opportunity to correct the charge, or, indeed, to rule on either of the claims now made. We do not consider these assignments. Practice Book § 153. The only other assignments of error in the charge affecting the issue of contributory negligence involve the failure of the court to grant certain requests to charge. A number of these requests were well-drafted and might well have been given substantially unchanged. A court, however, is not required to charge in the precise words of even a properly drawn request. If a request is material, the duty of the court is fulfilled by incorporating its substance in the body of the charge, at a proper place, in the court's own language. Maltbie, Conn. App. Proc., § 111, p. 135.

One request to charge correctly asked the court to instruct the jury that no negligence of the husband of the decedent, who was escorting her at the time of her fall, could be imputed to her. The charge as a whole fairly presented the fundamentals of the defense of contributory negligence and, especially in connection with the interrogatory regarding this issue, made clear to the jury that it was negligence on the decedent's part, and not negligence on the part of her husband, which could be found to constitute contributory negligence.

There was evidence that the decedent had sustained other fractures and that she lacked coordination owing to those fractures. She was using crutches at the time of her fall. The plaintiff's claims of proof were that when the decedent left the build-

ing the stairs were in darkness; that as she went to descend them she gave her husband her right crutch, supported herself by holding the handrail in her right hand, and descended the stairs by placing the crutch on the first step below her, shifting her weight to the crutch, and lowering one foot at a time, until both feet were on the step below; that because of inadequate lighting, she placed her crutch on the edge of the third step instead of farther in toward the riser; and that as she shifted her weight to the crutch it slipped off the edge of the third step down to the fourth step, causing her to fall backwards onto the steps.

"While the standard of care to be used [reasonable care] is an external standard, taking no account of the personal equation of the man concerned, yet the amount of care required depends upon the circumstances of the particular case, and if a person suffers from a physical disability increasing the risk of harm to him, that is among the circumstances to be considered." *Muse* v. *Page,* 125 Conn. 219, 223, 4 A.2d 329. Thus reasonable care in the case of one lacking normal co-ordination or obliged to use crutches is that amount of care which an ordinarily prudent person, similarly lacking in co-ordination or required to use crutches, would exercise under the same circumstances. Ibid; *Kerin* v. *Baccei,* 125 Conn. 335, 338, 5 A.2d 876. The charge quite properly referred to this rule and also pointed out that in a situation of danger the amount of care needed to measure up to the required standard of reasonable care was proportionate to the dangers existing.

Under the pleadings as well as under the claims of proof, the only defective condition relied upon was the inadequacy of the lighting. The fall occurred after 10:30 p.m. We cannot find error in

the court's failure to charge as to the decedent's knowledge or comprehension of the condition of the stairs, since there was no claim that they were in any way defective, structurally or otherwise. In other words, there was no defective condition apart from the lighting. No question of knowledge or comprehension of any defective condition, other than the obvious one of lighting, was involved. This peculiar feature of the case distinguishes it from cases, relied upon by the plaintiff, such as *Gipstein* v. *Kirshenbaum*, 118 Conn. 681, 686, 174 A. 261, and *Dean* v. *Hershowitz*, 119 Conn. 398, 415, 177 A. 262. Two other requests to charge had to do with the obligation, if any, of the decedent to make efforts to turn on, or have someone turn on, a light switch. Since the special defense, as has already been pointed out, made no claim of contributory negligence in this respect, the court correctly refused to inject into the charge this unpleaded specification of contributory negligence. Indeed, to have done so would have been harmful to the plaintiff rather than to the defendant.

Four requests to charge in various ways involved the rule laid down in cases such as *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 588, 53 A.2d 296, to the effect that one who is put in a perilous position by the negligence of another cannot be regarded as chargeable with contributory negligence if he takes such steps to protect himself as a reasonably prudent person would take, even though he might have avoided the injury by the use of better judgment and by taking a course other than the one he adopted. Under the plaintiff's claims of proof, there was very little light on the entrance platform and none on the steps themselves. Under these circumstances, the only real question before the jury under the special defense as pleaded, and the claims

of proof, was whether the decedent exercised reasonable care in the use of her senses and faculties in her placement of the crutch on the third step. The claims of proof indicate no difference between the lighting, or structure, of the third step and that of the two steps which she had already successfully descended. The jury might have found, as a reasonable inference, that had the decedent felt with the crutch tip before placing her weight upon the crutch, she could have ascertained the position of the tip on the tread of the third step, and that she did not do so. *Andrea* v. *New York, N.H. & H.R. Co.*, 144 Conn. 340, 344, 131 A.2d 642. Whether she should have done this was left to the jury by the instruction that the standard of reasonable care for her was that of a person with the same infirmities under the same circumstances. Considering the narrowness of the issue under the particular facts of this case, and the charge as a whole, it does not appear that the failure specifically to give the rule embodied in these requests to charge, was, even if erroneous, so harmful as to constitute material error.

The remaining assignment of error considered by us is based on the denial of the plaintiff's motion to set aside the verdict on the ground that it was against the evidence. The ruling must be tested by the evidence. *Nicholson Realty, Inc.* v. *Libby*, 144 Conn. 555, 557, 135 A.2d 738. However, what has already been said goes far to dispose of this assignment. Whether the decedent was in the exercise of due care in the use of her senses and faculties when, under the peculiar circumstances of her unfortunate condition, she did not feel for the edge of the step in placing her crutch tip and whether this omission constituted a proximate cause of her fall were, on the evidence, questions of fact upon which reasoning

minds might differ. *L'Heureux* v. *Hurley,* 117 Conn. 347, 359, 168 A. 8; *Dean* v. *Hershowitz,* 119 Conn. 398, 415, 177 A. 262. While our rule as to the setting aside of a verdict as against the evidence has been stated in a variety of ways, the rule itself has remained unchanged. If, on the evidence as presented and under the pleadings, the jury could have reasonably found in accordance with the verdict as rendered, then it cannot be set aside as against the evidence. *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846; *Kiss* v. *Kahm,* 132 Conn. 593, 594, 46 A.2d 337; *Zullo* v. *Zullo,* 138 Conn. 712, 714, 89 A.2d 216. The court was not in error in refusing to set aside the verdict.

There is no error.

In this opinion the other judges concurred.