THE NEW BRITAIN TRUST COMPANY, EXECUTOR (ESTATE OF SOPHIE GALBRAITH) *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 13—decided June 24, 1958

*Edwin H. Hall,* with whom, on the brief, were *Thomas P. Hackett* and *Philip Baroff,* for the appellant (named defendant).

*Roger F. Gleason,* for the appellee (plaintiff).

MURPHY, J. The defendant railroad, hereinafter referred to as the defendant, has appealed from a judgment rendered upon a verdict for the plaintiff which the trial court refused to set aside. The only assignment of error which we are to consider relates to the action of the trial court in denying the motion to set aside the verdict. The assignment of error attacking certain portions of the finding is treated as abandoned, since it is not mentioned in the defendants' brief. *Samelson* v. *Harper's Furs, Inc.,* 144 Conn. 368, 369, 131 A.2d 827. It is unnecessary to refer to the finding, because the action of the court in denying the motion to set aside the verdict is tested by the evidence, not by the finding. *Nicholson Realty, Inc.* v. *Libby,* 144 Conn. 555, 557, 135 A.2d 738.

The plaintiff is the executor under the will of Sophie Galbraith, late of New Britain, who died on May 14, 1956, from injuries sustained in a fall on an icy sidewalk in front of 10 Railroad Arcade in New Britain on January 3, 1956. The defendant maintains that there was no evidence from which the jury could have found that the defendant actually knew of the icy condition at the locus of Mrs. Galbraith's fall, or that the particular icy condition at that point had ex-

isted for such a length of time that the defendant was charged with constructive notice of it.

The Railroad Arcade, so-called, is a seventeen-foot-wide sidewalk extending easterly from Main Street to the railroad station. It is under the control of the defendant and lies between the railroad tracks on the north and a large commercial building on the south. The building houses a number of stores fronting the arcade, which is used by the general public as a passway to the railroad station and the stores. The obligation rested upon the defendant to use reasonable care to keep the sidewalk in a reasonably safe condition for the lawful use of the public. *Tenney* v. *Pleasant Realty Corporation,* 136 Conn. 325, 329, 70 A.2d 138; *Sawicki* v. *Connecticut Ry. & Lighting Co.,* 129 Conn. 626, 631, 30 A.2d 556.

During the night of January 2, 1956, and early morning of January 3, it had snowed. At 8 a.m. on January 3, it was raining lightly. The temperature was then twenty-seven degrees. At noontime, the temperature was thirty degrees and there was a light rain. It stopped raining between 1 p.m. and 2 p.m. The plaintiff's decedent fell on a sheet of glare ice in front of the store of Hugh Graham Associates at 10 Railroad Arcade about 3:45 p.m. The snow had been removed from an area four to five feet in width and about sixteen feet long in front of the store. With the exception of this cleared space, the entire passway was covered with trampled snow which was hard and slippery. As there was no evidence that it had snowed after 8 a.m. on January 3, the jury could have reasonably found that the hard-packed, slippery snow had existed for up to eight hours before Mrs. Galbraith fell. Had it been the cause of her fall, the jury might reasonably have concluded that the condition had existed for a sufficient length of time for

the defendant to have had constructive notice of it in view of its location in the center of the city. But the evidence shows that her fall was occasioned by the glare ice in front of 10 Railroad Arcade and not by the trampled snow throughout the rest of the passway. It was therefore necessary for the plaintiff to prove that the defendant had actual knowledge of the glare ice or that it had existed for such a period of time that the defendant could be charged with constructive notice of it. There was no evidence from which the jury could have found that the defendant through its agents had acquired actual notice of this ice. The only evidence of actual notice of any of the conditions which existed on January 3 concerned the wet, hard-packed snow which covered all of the passway except the shoveled area upon which Mrs. Galbraith fell.

The record is devoid of any evidence as to when or by whom the snow was shoveled from the walk in front of the Graham store. The defendant did not shovel it. As the plaintiff's witnesses testified that it was a raw, freezing day and that the only place where ice formed was where the snow had been removed, it was incumbent upon the plaintiff to establish the length of time that the particular icy condition had existed in order to show that the defendant had had a reasonable time to have become aware of and to have remedied the dangerous condition and thus was charged with constructive notice. *Ward* v. *Hartford*, 134 Conn. 694, 695, 60 A.2d 512. Notice of the very defect which occasioned the injury is essential and not merely of conditions naturally productive of that defect and subsequently in fact producing it. *Scoville* v. *West Hartford*, 131 Conn. 239, 242, 38 A.2d 681; *Pape* v. *Cox*, 129 Conn. 256, 259, 28 A.2d 10. From aught that appears, the snow could have

been removed from the relatively small area close to the building at any time on January 3 prior to fifteen minutes before Mrs. Galbraith's accident. While no precipitation occurred after 2 p.m., the temperature was below freezing from early morning. The ice could have formed in a comparatively short time. In this case, the facts relating to the length of time that the sheet of ice had existed in front of the Graham store are not such as to present the question of constructive notice as one of fact for the jury under the rule stated in *Ward* v. *Hartford,* supra, 696, and the cases cited therein. Each case must be decided upon its own particular facts. The constructive notice claimed in this case is not warranted by the evidence. *Wadlund* v. *Hartford,* 139 Conn. 169, 176, 91 A.2d 10; *Bazinet* v. *Hartford,* 135 Conn. 484, 488, 66 A.2d 117. The motion to set aside the verdict should have been granted.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.