SHIRLEY BERNSTEIN *v.* THE GRAND UNION COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 8—decided March 14, 1961

*William R. Murphy,* for the appellant (defendant).

*James R. Greenfield,* for the appellee (plaintiff).

PER CURIAM. The defendant has appealed from a judgment rendered upon a verdict for the plaintiff in a personal injury case. It has assigned error in the denial of its motions for judgment notwithstanding the verdict and to set aside the verdict, in the finding of a material fact without evidence, in the court's failure to charge as requested, and in its charge in three respects. The plaintiff assigns error

in the exclusion from the finding of two paragraphs of her counterfinding, but this claim is without merit.

The plaintiff fell and was injured when an empty shopping cart which she was returning to the defendant's supermarket struck a bench which was sitting in front of the store on an elevated walk adjacent to the parking area. There was insufficient room on the walk to wheel the cart past the bench. The plaintiff had first seen the bench when she emerged from the store with her purchases in the cart. With the aid of another person, she lowered the cart from the walk to the parking surface; then she wheeled the cart to her car, placed the merchandise in the car, lifted the empty cart onto the walk, and pushed it as far as the bench, where the accident occurred as she attempted to turn the cart down onto the parking lot. The bench extended two feet from the store front onto the walk, which was three feet wide.

At the conclusion of the evidence introduced by the plaintiff, the defendant rested its case and moved for a directed verdict. It presented no witnesses but laid into evidence one photograph which the plaintiff had identified. Before the jury could find the defendant negligent, there had to be evidence sufficient to establish that the defendant had notice of the condition which caused the plaintiff's fall. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.*, 145 Conn. 390, 393, 143 A.2d 438. There was no evidence that the bench had been placed on the walk by any agent or employee of the defendant. Evidence that the defendant knew that the bench was there, or that it had been there a sufficient length of time for the defendant to be charged with constructive knowledge of it, was also lacking. The

only evidence as to the length of time that the bench had been on the walk was the testimony of the plaintiff that she saw it when she came out of the store and again observed it after putting her purchases in her car. Whether that took her seconds, minutes or hours does not appear. There was no actual notice proved, and the plaintiff's testimony falls far short of showing constructive notice. *New Britain Trust Co.* v. *New York, N.H. & H.R. Co.,* supra; *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 153, 104 A.2d 221. The court should have directed the verdict for the defendant. *Baptist* v. *Shanen,* 145 Conn. 605, 610, 145 A.2d 592. This conclusion makes it unnecessary to consider the other claims of error advanced by the defendant.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with its motion for a directed verdict.