[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a summary process case in which the plaintiff, to which the original lessor assigned the lease to the subject property, complains that the defendant violated the lease by assigning it and/or subletting the garage in question in violation of Section V of the lease, whereupon the plaintiff exercised its option under that section to terminate the lease. The plaintiff had previously served upon the defendant a Notice to Quit alleging "termination of lease by express stipulation of lease agreement." Prior to service of the Notice to Quit, the plaintiff had not issued a "pre-termination notice" to the defendant alerting him to any claimed violations of the terms of the lease and affording him an opportunity to remedy them.
The defendant has moved to dismiss the complaint on three grounds first, that the plaintiff failed to comply with the pre-termination notice requirements of the lease itself; second, that it failed to comply with the pretermination notice requirements of Connecticut General Statutes Section 47a-15; and third, that the plaintiff's Notice to Quit is defective in that it failed to state with sufficient particularity the reason for the termination of the lease as required by Connecticut General Statutes Section 47a-23.
The Court finds that the defendant is entitled to a dismissal of the action on the basis of what has actually been done so far in this case, namely the service of a notice to quit that does not set forth the reason for the termination of the lease with the specificity required by Connecticut General Statutes Section 47a-23. The Court therefore does not reach the issue of whether or not either the lease or the statutes required the plaintiff to do something which was not done, namely the issuance of a pretermination notice.
Service of a legally sufficient Notice to Quit is a condition precedent to bringing a summary process action. Webb v. Ambler, 125 Conn. 43, 552 (1939). A legally sufficient Notice to Quit requires specific information. See Jefferson Garden Associates v. Greene, 202 Conn. 128 (1987). Although "a landlord should not he precluded from pursuing CT Page 6545 summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent," Jefferson Garden Associates, supra, at p. 143, "the tenant must not be forced to guess the actual reasons for the summary process action." Bushnell Plaza Development Corporation v. Brett, SPH-8501-26883 HD, Goldstein, J., (May 15, 1985) (H-650). See also Moisiadis v. Failla, No. SPH-9012-58640 HD, Berger, J. (March 1, 1991), H-941.
The Notice to Quit in this case alleges only "termination of lease by express stipulation of lease agreement." In fact, however, a review of the lease reveals no "express stipulation" which automatically terminates the lease. Although it is clear from the Complaint that the plaintiff is relying, on Section V of the lease, that is in no way apparent from the Notice to Quit. Moreover, as previously indicated, an alleged violation of Section V does not automatically terminate the lease, but does so only "at lessor's option." In this respect, a violation of Section V of the lease is treated no differently from, for example, a failure to pay rent, or, for that matter, from any other "default. . .in the performance of or compliance with any other term or condition hereof," as specified in Section XV of the lease, which also gives the lessor an option to terminate.
The Notice to Quit, in short, fails both to state accurately the basis upon which the remedy of summary process is to be sought and to inform the defendant of the basis for the action with sufficient specificity. The Notice to Quit is therefore defective and, this defect being jurisdictional in nature, the action must be dismissed. Lampasona v. Jacobs, 209 Conn. 724, 729 (1989).
Because this issue is dispositive of the case, the Court declines to render what would in effect be an advisory opinion as to whether either the summary process statutes or the lease itself would have required the plaintiff to issue a pre-termination notice prior to instituting a summary process action.
For the reasons stated, the Motion to Dismiss is granted.
SILBERT, J. CT Page 6546