HELEN SCOVILLE *v.* TOWN OF WEST HARTFORD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 14—decided July 20, 1944.

*Wallace W. Brown,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

ELLS, J. The plaintiff brought this action to recover damages for injuries which she sustained as the result of a fall on a public sidewalk maintained by the defendant town. Judgment was for the defendant, and the plaintiff appealed.

The following facts were found by the trial court and are not subject to material correction. The plaintiff slipped and fell on a small patch of ice, about eighteen inches in length and twelve inches in width, which had formed in and had completely filled a shallow depression in the walk about three-eighths of an inch in depth. The depression had existed for several months prior to the plaintiff's fall, which occurred at about 9:15 o'clock on the morning of February 19, 1942. The ice had formed in the early evening of February 18. Early in the morning on February 19 there had been a light fall of snow, which covered the ice at the time the plaintiff fell. The patch of ice had not been sanded.

The trial court adopted the plaintiff's draft finding descriptive of the locus, with immaterial variations.

Briefly summarized, the finding shows these further facts: The section of the walk upon which the plaintiff's fall occurred was not quite flush with the rest of the walk but was depressed at one point about three-eighths of an inch; that, because of the contours of the surrounding land, water falling or forming or flowing onto the walk could not readily drain away; and that such drainage was impeded, especially with the ground in a frozen condition, as to water accumulating in any depression or depressions in the sidewalk. It stated conclusions, among others, that the ice completely filled whatever slight depression existed and covered all the irregularities of the walk so that the surface was a smooth glare of ice upon which the plaintiff fell, and that she was not injured by stepping into a hole, but by slipping on the ice. These conclusions were warranted by the evidence and were logically reached.

The plaintiff's first contention, briefly stated, is that ground conditions at the site of the fall were such that the accumulation of water, with consequent formation of ice in wintertime, was inevitable; that the causal connection was simple and direct because, although the ice which filled the depression was a proximate cause of the injury, the long-existing depression, slight as it may have been, was the cause of the ice upon which the plaintiff fell, and that the defendant was liable. We held that this claim was unsound in *Agriesto* v. *Fairfield*, 130 Conn. 410, 416, 35 Atl. (2d) 15, and cases there cited. However, the plaintiff has urged the contention with such fervor that we amplify what we said there. The construction and maintenance of highways is, by our common law, a governmental act, and for negligence in the performance of that act the municipality is not liable. *Riccio* v. *Plainville*, 106 Conn. 61, 64, 136 Atl. 872. On the other hand, it is

liable under the statute when a person is injured in person or property "by means of a defective" condition in the road. It becomes necessary then to draw the line between the freedom from liability at common law and the liability imposed by the statute; or, to state the matter another way, to determine how far the statute limits the common-law principle. We have repeatedly held that liability under the statute arises only when there is notice of a defective condition which is the proximate cause of the injury; and that notice of underlying circumstances which, as a result of natural forces, may and do produce that condition does not impose that liability. *Carl* v. *New Haven*, 93 Conn. 622, 628, 107 Atl. 502; *Aaronson* v. *New Haven*, 94 Conn. 690, 696, 110 Atl. 872; *Jainchill* v. *Schwartz*, 116 Conn. 522, 525, 165 Atl. 689; *Pape* v. *Cox*, 129 Conn. 256, 259, 28 Atl. (2d) 10.

In effect, our decisions hold that to make a municipality liable for a failure to use reasonable care to prevent or remedy a condition in the highway of such a nature that it may in the future be the producing cause of a different condition, which in turn will cause injury to a traveler, would limit the common-law rule of immunity for negligence in the performance of a governmental duty further than the statute justifies. *Rogers* v. *Meriden*, 109 Conn. 324, 327, 146 Atl. 735; *Aaronson* v. *New Haven*, supra, 695. As pointed out in *Bartram* v. *Sharon*, 71 Conn. 686, 692, 43 Atl. 143, to extend liability as far as the plaintiff claims would be to "turn the public wrong into a private wrong" and in effect subject the municipality to the substantial equivalent of a common-law action for negligence, as distinguished from an action on the statute. While the majority opinion in *Gaylord* v. *New Britain*, 58 Conn. 398, 20 Atl. 365, relied on by the plaintiff, does lend some support to her contention, two of the

judges dissented substantially upon the grounds developed in the later cases we have cited; and, in so far as the majority opinion is contrary to them, it has been impliedly overruled.

The plaintiff's second claim is that, even if the ice was the proximate cause of the fall, it constituted a defect of which the town had implied notice. The court found the contrary. The test as to implied notice is fully stated in *Ritter* v. *Shelton*, 105 Conn. 447, 450, 135 Atl. 535, and need not be repeated here. The length of time a defect in a sidewalk must have existed in order to charge a municipality with notice of its existence is a question of fact. Unless the period be so long that but one conclusion could result, its determination should be left to the trier. *Frechette* v. *New Haven*, 104 Conn. 83, 94, 132 Atl. 467. Under the circumstances of the present case, where the ice formed in the early evening and the plaintiff's fall occurred at 9:15 o'clock the next morning, we cannot say as a matter of law that the trier was legally obligated to find that the defendant, had it exercised a reasonable supervision over its streets and sidewalks, would have discovered the condition a sufficient time before the accident to have had a reasonable opportunity to guard against injury from it.

The second count of the plaintiff's complaint alleges nuisance. The claim is not stressed in her brief. The court found that the conditions existing at the point where the plaintiff fell did not constitute a nuisance. This conclusion cannot be disturbed. *Beckwith* v. *Stratford*, 129 Conn. 506, 29 Atl. (2d) 775, is not in point.

There is no error.

In this opinion the other judges concurred.