[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUMMARY JUDGMENT
The complaint in this action contains two counts. The first count is against the City of Milford for injuries sustained by the plaintiff when a motorcycle on which she was a passenger went out of control on a city highway. The allegations of the first count claim that the City breached a common law duty in that a slippery condition on the road was a highway defect. There is no allegation that the plaintiff gave notice to the City of Milford of her intention to bring suit or a claim of violation of any statute or statutorily imposed duty. The second count of the complaint is against the South Central Connecticut Regional Water Authority. The City of Milford has filed a motion for summary judgment on the first count with an attached affidavit, claiming that the plaintiff has not stated a cause of action against it. There is no counter affidavit or brief from the plaintiff.
Summary judgment may be granted under section 385 of the Connecticut Practice Book if the pleadings, affidavits and CT Page 376 other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To satisfy this burden, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw,193 Conn. 442, 445. In deciding whether a summary judgment should be granted, namely that the moving party must be entitled to judgment as a matter of law, the same test is used as with determining whether a party would be entitled to a directed verdict on the same facts at a trial. Connelly v. Housing Authority, supra, 364. Once evidence has been presented in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin,208 Conn. 606, 616. The plaintiff has presented no such evidence, and the Court cannot discern any, which indicates that there is any genuine issue of material fact or that the City has, under the facts alleged, any legal liability to the plaintiff.
The plaintiff's injuries are based on alleged negligence of the City, and occurred on a public highway. The City's defense is governmental immunity, which is a question of law which can be raised on a motion for summary judgment. Shore v. Stonington, 187 Conn. 147, 153. See also Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. The general rule in Connecticut is that there is no municipal liability for the performance of governmental functions. Connecticut Law of Torts (2d Edition), section 91; Gauvin v. New Haven, 187 Conn. 180, 184. The construction and maintenance of highways is a governmental act, and a municipality is not liable for negligence in the performance of that act. Scoville v. West Hartford, 131 Conn. 239, 241; Riccio v. Plainville, 106 Conn. 61, 64. A municipality may be liable where governmental immunity is waived by statute. A limited waiver for defects in municipal highways is provided in section 13a-149 of the General Statutes. Statutes in derogation of common law and which modify governmental immunity must be strictly construed. Rawling v. New Haven, 206 Conn. 100, 105; Ahern v. New Haven, 190 Conn. 77,82. The liability of a municipality under section 13a-149, providing damages for injuries resulting from the municipality's breach of duty to maintain roads and bridges, is purely for breach of a statutory duty and does not arise from negligence. Lukas v. New Haven, 184 Conn. 205, 212. There is no liability for negligence except to the extent allowed by statute. Scoville v. West Hartford, supra, 242. CT Page 377 These concepts, well established in our case law, have recently been codified in section 52-557n(a)(1)(C) which provides in part that "no cause of action shall be maintained for damages resulting from injuries to any person or property by means of a defective road or bridge except pursuant to section 13a-149."
One of the requirements for an action under section 13a-49
is that written notice of the injury, the cause of it and time and place of its occurrence, must be given to the municipality within 90 days after it occurs. The giving of timely notice to the municipality containing the specifics stated in the statute is a condition precedent to the existence of a cause of action against the municipality, and the absence of proper notice bars recovery as a matter of law. Wethersfield v. National Fire Insurance Co., 145 Conn. 368,371; Sanger v. Bridgeport, 124 Conn. 183, 187; Mik v. Meriden, 106 Conn. 393, 394. It is clear that the court would have to direct a verdict for the City at a trial of this case. There is no genuine issue of fact, and the City is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co.
The motion for summary judgment on the first count of the complaint is granted.
ROBERT A. FULLER, JUDGE