[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, City of Hartford (the "City"), has moved to strike Count Two of the Amended Complaint of April 19, 1996 on the grounds that it fails to allege a cause of action against the City under Connecticut General Statutes § 13a-149, which is the exclusive remedy against the City in this action. The court agrees with the City and for the reasons sets forth below, the Motion to Strike is granted.
The Amended Complaint in this action alleges a claim for wrongful death of Mary Mock, the plaintiff's decedent, who was walking across the Westbourne Parkway in Hartford when the traffic control signal suddenly changed from red to green and she was struck and killed by a "passing motorist." The Amended Complaint alleges that the defendant, Connecticut Department of Transportation negligently failed to repair or replace the signal which was in its care and control.
The only allegations of negligence on the part of the City are:
 (1) failure to notify the State Department of Transportation of the highway defect; (2) common law negligence in failing to warn the plaintiff.
Connecticut General Statutes § 52-557n provides, in pertinent part: CT Page 8595
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (Emphasis added.)
In Sanzone v. Board of Police Commissioners, 219 Conn. 179,192, 592 A.2d 912 (1991), where the plaintiffs claimed that they sustained injuries due to a defective traffic signal, the Court construed § 52-557n to provide that an action under the highway defect statute, 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. It was clear in Sanzone that the Court considered that "a defective road or bridge" included a defective traffic signal. Therefore Sanzone controls in this case.
There is no municipal liability for a highway defect outside of a § 13a-149 repair obligation. Common law allegations of negligent failure to inform/warn the Department of Transportation or the general public lie outside the statutory remedy as a matter of law. Such common law negligence is a governmental act which is clearly subject to sovereign immunity. Scoville v. Townof West Hartford, 131 Conn. 239, 38 A.2d 681 (1944).
By the court,
Aurigemma, J.