[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Morninstar Doris Robishaw and Gregory Majewski, co-administrators of the estate of the decedent, Larry G. Robishaw, filed an eleven count complaint, dated May 25, 1999. In essence the complaint alleges the following. On February 26, 1998, at approximately 3:15 p.m., the decedent was driving an oil tanker truck in a southerly direction on Route 32, a public highway, in the town of Windham (town). The truck was owned by Johnny's Heating and Air Conditioning, Inc.[1] At the CT Page 8351 intersection of Route 32 and Route 203, where a traffic light was on green, the decedent turned left onto Route 203 and proceeded in a northerly direction. As the decedent proceeded across the tracks at a railroad grade crossing on Route 203, he was suddenly and without warning violently struck by a northbound freight train owned by New England Central Railroad, Inc. (NECR) and operated by employees of said railroad company. The force of the collision resulted in the violent explosion and fire of the oil tanker truck, which resulted in the decedent's violent, painful and untimely death.
Counts seven, eight and ten of the complaint are against employees of the town, Joseph Gardner, Milton King, Bradford Wojick, James Finger, Michael Paulhus, Robert Tighe, Walter Pawalkiewicz, Albert Vertefeuille, Larry Haines, Keely Santa Lucia, Dan Haggerty, C. Lawrence Schiller, Joseph Marsalisi, Hilda Cook, Charlotte Patros, Mark Shapera and Thomas White, alleging negligence, public nuisance and loss of spousal consortium, respectively. Count eleven is against the town, seeking indenmification pursuant to General Statutes § 7-101a and/or General Statutes § 7-465. The complaint alleges that for several months prior to the accident, the municipal employees were aware that the railroad crossing was un-gated, unusually dangerous and extra-hazardous to motorists traveling on Route 203. Also, the complaint alleges that the municipal employees had ministerial duties to immediately implement safety measures such as gates or drop-arms and additional warning lights.
On September 29, 1999, the town and the individual town employees filed a motion to strike counts seven, eight and ten of the complaint, and the town moved to strike count eleven of the complaint, pursuant to Practice Book § 10-39 et seq., on the grounds that these counts are legally insufficient because: 1) they are barred by the exclusivity of General Statutes § 13a-149, the highway defect statute, 2) the defendants are immune from suit under the doctrine of governmental immunity because the individual municipal defendants were in the exercise of discretion as part of their official duties and 3) the site of the accident was not in the possession or control of the moving defendants because it was, as a matter of law, in the possession and control of the state.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997).[2] "[T]he court must accept as true the facts CT Page 8352 alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859, 733 A.2d 869 (1999). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., supra, 580. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626 (2000).
 Exclusivity of Highway Defect Statute
General Statutes § 52-557n (a)(1) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property cause by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . . and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintainedfor damages resulting from injury to any person or property by means of adefective road or bridge except pursuant to section 13a-149." (Emphasis added.) General Statutes § 13a-149, commonly referred to as the highway defect statute, provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." CT Page 8353
The Supreme Court has construed General Statutes "§ 52-557n to provide that an action under the highway defect statute, § 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge. It also, therefore, precludes a joint action seeking such damages against a municipality and its officer pursuant to § 7-465 (a);[3] otherwise, the proviso in § 52-557n would be stripped of all meaning, for § 7-465 (a) would permit a plaintiff to reach the result forbidden by § 52-557n: the imposition of tort liability on a municipality for a highway defect claim." (Internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991); see also Martinv. Plainville, 240 Conn. 105, 109, 689 A.2d 1125 (1997); Cook v. Turner,219 Conn. 641, 643, 593 A.2d 504 (1991). "Therefore, a town may not be held liable for damages caused by highway defects under § 7-465 (a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town." Pratt v. Old Saybrook, 225 Conn. 177, 180, 621 A.2d 1322
(1993).
Within the meaning of General Statutes § 13a-149, a road or highway "is defective. . . . when it is not reasonably safe for public travel, and the term public travel refers to the normal or reasonably anticipated uses that the public makes of a highway in the ordinary course of travel." Novicki v. New Haven, 47 Conn. App. 734, 740, 709 A.2d 2
(1998). "[A] highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 202. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Id., 201.
In the present case, the facts alleged in the complaint, if true, amount to a highway defect under General Statutes § 13a-149 in that the railroad grade crossing, which has tracks upon the road that could hinder one in the use of the road for traveling thereon, was allegedly abnormally dangerous and extra-hazardous for public travel in that the safety crossing devices, such as the crossing signals, were malfunctioned, and the railroad grade crossing lacked crossing gates, drop-arms, functional warning and crossing lights, sufficient warning signs, audible warning devices and other safety devices. See Sanzone v.Board of Police Commissioners, supra, 219 Conn. 203 ("[A] malfunctioning traffic light . . . is, as a matter of law . . . a highway defect, or in CT Page 8354 the language of [General Statutes § 13a-149], part of a `defective road.'"); see also Sousa v. Town of Brookfield, judicial district of Danbury, Docket No. 307588 (May 27, 1992, Fuller, J.) (6 Conn.L.Rptr. 468) (because there is no material difference between a traffic light and a stop sign, the absence of a stop sign is a highway defect); accordIsmail v. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566487 (October 24, 1997,Teller, J.) (20 Conn.L.Rptr. 545).
Although the allegations in the complaint amount to a highway defect cause of action, the plaintiffs have not brought a claim against the town pursuant to General Statutes § 13a-149. Rather, count eleven is brought against the town for indemnification under General Statutes § 7-101a[4] and/or § 7-465. The court finds that count eleven is legally insufficient because it is not brought pursuant to General Statutes § 13a-149, which is the exclusive remedy for highway defect claims against municipalities, and because General Statutes § 52-557n
(a)(1) "removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under § 7-465 (a)."Sanzone v. Board of Police Commissioners, supra, 219 Conn. 193.
Although the court in Sanzone, supra, determined that indemnification pursuant to General Statutes § 7-465 was not available in highway defect cases, the court did not address whether General Statutes §7-101a was still available for indemnification of municipal employees in such cases. The same concept that applies to General Statutes § 7-465
(a) should apply to General Statutes § 7-101a. See Dunbar v. City ofStamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310727 (May 5, 1994, Fuller, J.) (11 Conn.L.Rptr. 448). If a town may not be held liable under § 7-465 (a) for damages caused by highway defects, since this would allow plaintiffs to circumvent the requirements of General Statutes § 13a-149; see Pratt v. OldSaybrook, supra, 225 Conn. 180; it is logical that a town should not be held liable under § 7-101a for damages caused by highway defects.[5]
Accordingly, the motion to strike count eleven is granted.
The defendants argue that the exclusive character of the highway defect statute should be extended by this court to cover municipal employees. Therefore, they assert, counts seven, eight and ten should be stricken along with count eleven. In support, the defendants argue that the proviso in General Statutes § 52-557n (a)(1) that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149" is not specifically limited to municipalities. The defendants rely on Wenc v. New London, 44 Conn. Sup. 45, 50, 667 A.2d 87, aff'd, 235 Conn. 408, 667 A.2d 61 (1995), and Gerlach v. Town ofCT Page 8355Brookfield, Superior Court, judicial district of Danbury, Docket No. 300493 (April 12, 1994, Moraghan, J.) (9 C.S.C.R. 513), where both courts granted the municipalities' and the municipal employees' motions to strike on the ground that the plaintiffs failed to plead their highway defect claims pursuant to General Statutes § 13a-149, which is the exclusive remedy.
This court is not persuaded by the defendants' argument that the exclusivity of the highway defect statute should be extended to apply to municipal employees. Contrary to the defendants' argument, the Supreme Court has stated that § 52-557n (a) addresses only the liability of political subdivisions. See Elliott v. Waterbury, 245 Conn. 385, 395,715 A.2d 27 (1998); Sanzone v. Board of Police Commissioners, supra,219 Conn. 193. Furthermore, the Supreme Court does not "construe §52-557n to bar a plaintiff from asserting causes of action in tort against those individuals whose actual conduct was a proximate cause of the injury." Sanzone v. Board of Police Commissioners, supra, 192-93. "There is no reason to believe . . . that the legislature intended to eliminate an injured plaintiffs common law right to seek damages from individual municipal employees." Id., 193. "A plaintiffs failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee." (Internal quotation marks omitted.) Id.[6] In light of the Supreme Court's conclusions in Sanzone v. Board of Police Commissioners, supra, regarding municipal employees, the holdings of Wenc v. NewLondon, supra, and Gerlach v. Town of Brookfield, supra, which do not directly discuss whether the exclusivity of the highway defect statute should be extended to municipal employees, are not applicable to the present dispute.
A number of Superior Court cases cite to Sanzone v. Board of PoliceCommissioners, supra, in concluding that General Statutes § 13a-149
is the exclusive remedy against a municipality in defective highway suits, but not the exclusive remedy in such suits against municipal employees, who can be sued individually for torts such as negligence and nuisance although they are not entitled to indemnity under General Statutes § 7-465. Caltabiano v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326891 (February 8, 1999, Skolnick, J.); Dunbar v. City of Stamford, supra, Superior Court, Docket No. 310727; Perone v. City of Stamford, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132901 (April 27, 1994, Lewis, J.) (11 Conn.L.Rptr. 429) (9 C.S.C.R. 543);Reisel v. Bridgeport Garden Apartments, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271394 (September 9, 1992, Melville, J.) (7 Conn.L.Rptr. 323); Sawyer v. City of New Haven, Superior Court, judicial district of New London at New London, Docket CT Page 8356 No. 509698 (July 8, 1991, Axelrod, J.) (4 Conn.L.Rptr. 274). A few cases go even further by concluding that § 13a-149 does not create a cause of action against municipal officers or employees. Argiriou v. City ofWaterbury, Superior Court, judicial district of Waterbury, Docket No. 140220 (May 7, 1998, Kulawiz, J.) (22 Conn.L.Rptr. 210); Dunbar v. Cityof Stamford, supra, Superior Court, Docket No. 310727; Sousa v. Town ofBrookfield, supra, Superior Court, Docket No. 307588. Based on the foregoing, the court concludes that the exclusivity of the highway defect statute only bars count eleven in the present case, but does not bar claims against municipal employees directly.
 Governmental Immunity
The defendants argue that the motion to strike should be granted on the alternative ground that the doctrine of governmental immunity shields the individual municipal employees from liability because the conduct complained of constituted governmental acts. General Statutes § 52-557n
(a)(2) provides: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"[B]oth municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Elliott v. Waterbury, supra, 245 Conn. 411. "[A public officer] . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citation omitted; internal quotation marks omitted.) Lombardv. Edward J. Peters, Jr., P.C., supra, 252 Conn. 628. "Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental or discretionary act." Kolaniakv. Board of Education, 28 Conn. App. 277, 281, 610 A.2d 716 (1992).[7]
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Internal quotation marks CT Page 8357 omitted.) Purzycki v. Fairfield, 244 Conn. 101, 107-8, 708 A.2d 937
(1998).
The gravamen of count seven of the complaint is that the municipal employees were negligent in their respective ministerial duties of maintaining the subject railroad grade crossing. The Supreme Court has stated that the "maintenance of highways is, by our common law, a governmental act. . . ." Scoville v. West Hartford, 131 Conn. 239, 241,38 A.2d 681 (1944); see also Pajor v. Wallingford, 47 Conn. App. 365, 374
n. 6, 704 A.2d 247 (1997), cert. denied, 244 Conn. 917, 714 A.2d 7
(1998); Dunbar v. City of Stamford, supra, Superior Court, Docket No. 310727 (the court stated that "[i]t is obvious that maintenance of highways is a governmental function of a municipality."); accord Ismailv. City of Hartford, supra, Superior Court, Docket No. 566487; Scully v.Newman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 14838 (March 15, 1996, Karazin, J.), aff'd,45 Conn. App. 927, 696 A.2d 1060 (1997); Sousa v. Town of Brookfield, supra, Superior Court, Docket No. 307588 (the court stated that "[i]t is clear that the duty of a municipality, and therefore its employees, to properly maintain a public highway is a governmental function. Replacement and installation of stop signs and a policy to perform such tasks is a discretionary and not a ministerial act.") In all of these cases, none of which involve accidents at railroad grade crossings, the courts found the existence of discretionary rather than ministerial duties.
In the present case, however, count seven alleges that the individual municipal employees were negligent in their failure to perform their duties pursuant to General Statutes §§ 13b-344 (a) and (b), 13b-272,13b-273, 13b-275, 13b-281, 13b-285, 13b-334, 13b-343 and 13b-345. Section13b-344[8] specifically mandates that a town place and maintain warning signs at railroad grade crossings within the town's boundaries. Absolute failure to perform a prescribed duty, rather than failure to perform a duty reasonably, properly or adequately, involves a ministerial act and results in liability. See Evon v. Andrews, 211 Conn. 501, 506,559 A.2d 1131 (1989). Because the allegation that the municipal employees failed to perform prescribed duties under § 13b-344 is sufficient, the court need not decide whether any or all of the other allegations of count seven are barred by governmental immunity and makes no ruling as to such. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., supra, 252 Conn. 626. Hence, construing the facts in the complaint most favorably to the plaintiffs, the motion to strike count seven on the ground of governmental immunity is denied. CT Page 8358
The motion to strike count eight, which alleges public nuisance, on the ground of governmental immunity is also denied. "Where a [municipality] creates and maintains a nuisance it is liable for damages to any person suffering special injury therefrom, irrespective of whether the misfeasance or nonfeasance causing the nuisance also constituted negligence. This liability cannot be avoided on the ground that the municipality was exercising governmental functions or powers, even in jurisdictions where, as here, immunity is afforded from liability for negligence in the performance of such functions." Hoffman v. Bristol,113 Conn. 386, 389, 155 A. 499 (1931). "[I]n order to overcome the governmental immunity of municipal defendants where it applies, the plaintiff must prove that the defendants, by some positive act, intentionally created the conditions alleged to constitute a nuisance."Elliott v. Waterbury, supra, 245 Conn. 421. Construing the allegations in the complaint most favorably to the plaintiffs, the court concludes that count eight is sufficient because it alleges, in part, that the injuries, damages and untimely death of the decedent were caused by the creation, existence and/or maintenance of a public nuisance by the municipal employees in that said employees were aware that the ungated rail crossing on Route 203 was unusually dangerous and extra-hazardous, yet failed to place and maintain warning signs or dispatch police or fire department personnel to the site pursuant to General Statutes §13b-344.
The motion to strike count ten, which alleges loss of spousal consortium, on the ground of governmental immunity is denied. "[A] claim for a loss of consortium constitutes a viable cause of action on behalf of the spouse whose marital partner has been injured or killed."Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 563, 562 A.2d 1100
(1989). "[A]n action for loss of consortium, although independent in form, is derivative of the injured spouse's cause of action. . . ." (Internal quotation marks omitted.) Jacoby v. Brinckerhoff, 250 Conn. 86,91-92, 735 A.2d 347 (1999). Because "[a]n action for loss of consortium is derivative of the injured spouse's cause of action, the consortium claim would be barred when the suit brought by the injured spouse is barred." (Internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, supra, 219 Conn. 199. In the present case, the negligence and public nuisance claims against the municipal employees remain. Therefore, so too remains the derivative claim of loss of consortium.
 Control
Lastly, the defendants argue that the motion to strike should be granted on the ground that the site of the accident, the railroad crossing on state highway route 203, was not in the possession or control of the moving defendants because it was, as a matter of law, in the CT Page 8359 possession and control of the state. The defendants argue that under General Statutes § 13b-24[9] and § 13b-26,[10] the Connecticut Commissioner of Transportation has exclusive control over state highways, and the state is responsible for defects under General Statutes § 13a-144.[11] The plaintiffs argue that control is a question of fact that cannot be resolved on a motion to strike.
Ordinarily, the applicable rule is that the absence or presence of exclusive control is a question of fact that should not be resolved on a motion to strike. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 704,694 A.2d 788 (1997). "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the . . . complaint, any reasonable juror could find that the . . . defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Id., 705. "The question thus posed is whether, if [the] facts [in the complaint] were proven, any reasonable juror could find that [the plaintiff] had met its burden of establishing that the . . . defendants were in exclusive control of `the situation.'" Id. "It is plausible to define exclusive control over `the situation' as exclusive control over the dangerous condition that gives rise to the accident." Id., 706. In Skuzinski v. Bouchard Fuels, Inc., supra, the Supreme Court affirmed the trial court's granting of the third party defendants' motion to strike, concluding that "under the factual scenario alleged in [the] third party complaint, no reasonable juror could find that the third party defendants had exclusive control over the situation." Id., 706.
In the present case, the statutory scheme is such that the Commissioner of Transportation, municipalities and railroad companies all have duties and obligations with respect to railroad grade crossings. See Titles 13, 13a and 13b of the General Statutes. The specific terms and extent of the defendants' control in the alleged circumstances is a question of fact and cannot be resolved as a matter of law. Therefore, the motion to strike is denied.
 CONCLUSION
Based on the foregoing, the defendants' motion to strike is granted with respect to count eleven and denied with respect to counts seven, eight and ten.
Bishop, J.